576 A.2d 309

WILLIAM R. PFEUFFER AND ELIZABETH PFEUFFER, PLAIN-TIFFS–APPELLANTS, v. RALPH SCULCO AND BUILDING IN-SPECTOR OF THE BOROUGH OF CLIFFSIDE PARK, DEFEN-DANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted May 30, 1990—Decided June 28, 1990.

Before Judges ANTELL, BILDER and A.M. STEIN.

*Robert C. Damm,* P.C., attorney for appellants (*Robert C. Damm* on the brief and reply letter brief).

*Teresa J. Gundersen,* attorney for respondent Ralph Sculco (*Theresa J. Gundersen* and *George G. Gundersen, III,* on the brief).

*Smith, Don, Alampi, Scalo, Diktas, D'Argenio & Habeeb,* attorneys for respondent Inspector of the Borough of Cliffside Park (*Randal W. Habeeb* on the brief).

The opinion of the court was delivered by

ARNOLD M. STEIN, J.A.D.

Plaintiffs appeal the order granting summary judgment to defendants Sculco and the Cliffside Park Building Inspector in dismissing the complaint. We reverse because the side yard setback provisions of Cliffside Park's zoning ordinance take precedence over conflicting state building code provisions.

Plaintiffs live at 60 Grand Avenue. Defendant Sculco owns 56 Grand Avenue, the next-door property. Both lots are located in the R–1 one-family zone. By resolution dated February 11, 1980, the Cliffside Park Board of Adjustment granted Sculco a variance to construct a two-family house on his property which would occupy 43.5% rather than the maximum 35% of the lot area. The sketch filed by Sculco with the application showed entry to both living units at the front of the structure and depicted the proposed building to be within the confines of the maximum four-foot side yard setback required by § 18–4.3e of the zoning ordinance.

As construction proceeded, plaintiffs observed that Sculco was building a different structure than that shown on the sketch presented to the board of adjustment. The most significant changes were the encroachments into the four-foot side yard by the chimney (by one foot), a side stairway not shown in

the original sketch (by 2.91 feet) and the roof overhang (by one foot).

Sculco and the building inspector contend that these encroachments into the side yard setback are permitted by the model code of the Building Officials and Code Administrators International, Inc., known as the "BOCA National Building Code/1987." They argue that the provisions of the BOCA code, made applicable to all municipalities, preempt any provision in a local zoning ordinance.

The BOCA code was adopted and incorporated by reference into *N.J.A.C.* 5:23–3.14, promulgated pursuant to the State Uniform Construction Code Act, *N.J.S.A.* 52:27D–119, *et seq.*, more particularly *N.J.S.A.* 52:27D–123a.

Section 712.1 of the BOCA code provides:

Permissible projections: Every required court and yard shall remain unobstructed for its required area and full height, except for the projection permitted in Section 508.0.

Section 508 of the BOCA code provides:

508.1 General: *A part of any building* or structure *shall not extend into side* courts, inner courts or *yards required* for light and ventilation of habitable and occupiable rooms by the provisions of Article 7, or *by the zoning law* or other *statutes* controlling building construction, *except as hereinafter provided;* but the encroachment shall not exceed 20 percent of the legal area of yard or court required for light and ventilation purposes.

508.2 Roof eaves: Roof eaves shall project not more than 3 feet (914 mm) beyond the face of the wall.

508.3 Steps and architectural features: Steps, window sills, belt courses and similar architectural features, rain leaders and chimneys shall project not more than 2 feet (610 mm) beyond the face of the wall.

508.4 Exterior stairways and fire escapes: Outside stairways, smokeproof tower balconies, fire escapes or other *required elements of a means of egress* shall not project more than 4 feet (1219 mm) beyond the face of the wall. [emphasis added].

The Municipal Land Use Law, *N.J.S.A.* 40:55D–1 *et seq.* authorizes the local governing body to adopt zoning ordinances "relating to the nature and extent of the uses of land and of buildings and structures thereon." *N.J.S.A.* 40:55D–62a.

The motion judge stated:

> Now, it's true that the BOCA Code cannot preempt the local zoning ordinance side yard requirement and it does not. The BOCA Code makes no side yard requirement at all.

We agree with the trial judge that BOCA code provisions cannot preempt local zoning ordinance requirements. The State Uniform Construction Code Act and the Municipal Land Use Law are complementary to and not in conflict with each other. They must be construed with deference to each other. *Palmer v. Kingsley,* 27 *N.J.* 425, 429, 142 *A.*2d 833 (1958) (statutes relating to the same or similar subject matter, *i.e., in pari materia,* must be construed together).

However, the judge nevertheless concluded that the BOCA code permits these side yard encroachments. Section 508 expressly permits extensions into the side yard of roof eaves (§ 508.2), chimneys (§ 508.3) and outside stairways (§ 508.4), even where such encroachments are prohibited by local zoning law (§ 508.1). To the extent that the BOCA provisions are in conflict with the side yard setback requirements of Cliffside Park's zoning ordinance, they are invalid. We do not believe that the Legislature intended the local zoning ordinance, adopted pursuant to and in compliance with the Municipal Land Use Law, to be preempted by a building code incorporated by reference into a regulation promulgated to implement the Uniform Construction Code Act. Statutes should not be construed to produce an unreasonable or absurd result. *State v. Gill,* 47 *N.J.* 441, 444, 221 *A.*2d 521 (1966); *State v. Gelok,* 237 *N.J.Super.* 503, 506, 568 *A.*2d 541 (App.Div.1989).

Reversed and remanded to the Chancery Division for further proceedings consistent with this opinion.