173 N.J. Super. 25 (1980)
412 A.2d 1359
STATE OF NEW JERSEY, PLAINTIFF,
v.
SUE JENKINS, DEFENDANT.
Superior Court of New Jersey, Law Division  Cumberland County.
Decided February 5, 1980.
*27 Kevin McCann, Assistant County Prosecutor, for plaintiff (William P. Doherty, Jr., Prosecutor of Cumberland County, attorney).
Robert E. Bailey for defendant (Bailey & Veight, attorneys).
PORRECA, J.S.C.
This appeal from a sentence imposed by the Municipal Court of the City of Bridgeton, calls for the interpretation of the sentencing provisions of N.J.S.A. 39:4-50.
Defendant pled guilty to operating a motor vehicle while under the influence of alcohol on August 17, 1979. N.J.S.A. 39:4-50. It was her sixth conviction for that offense, her first having occurred on December 29, 1968. The municipal court judge sentenced her as a third offender, revoked her license for five years and imposed a fine of $1,000 plus $20 court costs. At the time of sentencing defense counsel argued that the language of the statute should be interpreted to require sentencing only as a second offender. The trial judge disagreed, stating that he did not think that was the Legislature's intent. This appeal was then filed.
The statute, as amended by L. 1977, c. 29, § 1, provides in pertinent part:
A person who has been convicted of a previous violation of this section need not be charged as a second or subsequent offender in the complaint made against him in order to render him liable to the punishment imposed by this section on a second or subsequent offender, but if the second offense occurs 15 or more years after the first conviction the court shall treat the conviction as a first offense, and if a third or subsequent offense occurs 10 or more years after the first conviction, the court shall treat the conviction as a second offense. [Emphasis supplied]
Clearly, pursuant to the cited phrase, a third offense which occurs ten or more years after the first conviction would be treated as a second offense for sentencing purposes. The problem arises with respect to the effect of a "subsequent offense." *28 Given its plain and ordinary meaning, the cited phrase would mandate second offender status for any offense which occurs more than ten but less than 15 years after a defendant's first conviction under N.J.S.A. 39:4-50. Thus a person could be convicted of innumerable violations of the statute more than ten years after the first conviction and yet could only be sentenced as a second offender.
On the other hand, if a third or subsequent offense is committed within the ten-year period dating from the defendant's first conviction, the defendant would be subject to punishment as a third or subsequent offender.
Before the 1977 amendments the statute provided for two grades of punishment: one for the first offender and a second for the subsequent offender. The present statute's additional penalty for a "third or subsequent offender" carries with it, in addition to a fine and license revocation, possible imprisonment for up to 180 days, a period of incarceration longer than that provided by the prior law for "subsequent offenders." Clearly the legislative intent in creating a third offender category was to impose a more severe penalty on that class of persons. Yet, by treating all persons convicted of third or subsequent offenses occurring ten or more years after the first conviction as second offenders, the effect is to make it impossible to impose third offender penalties except where the third offense occurs within the ten-year period dating from defendant's first conviction.
In contrast to the 15-year period imposed between the first and second offense as the time required to grant absolution for the initial infraction, the ten-year period for third and subsequent offenders appears on its face contradictory.
In the instant case defendant has been convicted for six separate violations of the drunk driving/driving while impaired statute and yet because this latest offense occurred more than ten years after her first conviction, the statute only permits imposition of a second offender penalty. While this result seems illogical, it is a settled rule of statutory construction that penal statutes require strict construction against the State and *29 in favor of the defendant. State v. Davis, 95 N.J. Super. 19 (Cty.Ct. 1967); Sutherland, Statutory Construction, § 5609 (1943). Furthermore, absent a clear indication that the language in the statute is to be interpreted otherwise, it is to be read in accordance with its plain and ordinary meaning. Clark v. Degnan, 163 N.J. Super. 344, 373 (Law Div. 1978). While it is also true that a statute must be accorded a construction which is sensible and consonant to reason and good direction, rather than one which, though literal, leads to absurd consequences, State v. Quinones, 140 N.J. Super. 237 (App.Div. 1976), aff'd 75 N.J. 391 (1978), this court will not presume that the Legislature intended any interpretation other than that which appears from a plain reading of the statute.
The court cannot enact or amend legislation; it can only interpret that which the Legislature enacts. Therefore, defendant is a second offender for purposes of sentencing. In view of her history of abuse of alcohol, a presentence report is ordered so that the appropriate sentence may be imposed.