THE STATE OF NEW JERSEY, PLAINTIFF, v. BRUCE DECHER, DEFENDANT.

Superior Court of New Jersey
Law Division Special Civil Part
Monmouth County

Decided June 13, 1984.

158

*Thomas J. Smith, Jr.* for defendant.

*Toni A. Hendrickson,* Deputy Attorney General for plaintiff (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney).

McGANN, Jr., J.S.C. (temporarily assigned).

This pending charge for driving while intoxicated was specially assigned to this court for disposition.[1]

Defendant moves, pretrial, for a decision determining whether he is before the court as a first or second offender for purposes of potential penalties under *N.J.S.A.* 39:4–50. More specifically he wants to know, should he be found guilty of the pending charge, whether he will be sentenced as a second or third offender. The issue poses serious consequences for him [2] and is ripe for resolution.

It is undisputed that on May 11, 1972 Decher pled guilty to driving while impaired on March 23, 1972 in violation of *N.J. S.A.* 39:4–50(b).[3] He did so without benefit of counsel. That charge was, apparently, based on a breathalyzer reading.

On April 7, 1980, with counsel, Decher pled guilty to driving while intoxicated on March 5, 1980 in violation of *N.J.S.A.*

---

[1]*See Romano v. Kimmelman,* 96 *N.J.* 66, 76 (1984).

[2]If a third offender, defendant must receive a fine of $1,000.00, at least 90 days in jail, and a forfeiture of license for 10 years.

[3]That specific offense was enacted by *L.*1966, *c.* 141, § 1, effective September 17, 1966 and repealed by *L.*1977, *c.* 29, § 1, effective May 25, 1977.

39:4–50. He was under the impression at that time that he was pleading as a first offender; that the impaired conviction did not count as a prior offense for sentencing purposes. It is apparent that his counsel, the local prosecutor and the municipal court judge were under the same misapprehension. He was, in fact, sentenced as a first offender; he was fined, his license was suspended for 60 days and he was required to attend a driver re-education program. He did so and his license privileges were restored at the end of the 60-day period.

That sentence was in error. The 1980 conviction represented a second offense and he should have been sentenced accordingly. *State v. Culbertson*, 156 *N.J.Super.* 167 (App. Div.1978).

It is, nonetheless, defendant's position that he is a first offender. He advances alternative grounds: 1) his 1972 guilty plea should be set aside because it was a) uncounselled or b) based upon a breathalyzer test which is prima facie suspect, or 2) the State is estopped from taking the position that, if guilty here, he should be sentenced as a third offender.

Defendant's argument that the State cannot now, in effect, correct an error made in 1980 by considering him as a third rather than a second offender (if convicted), is persuasive.

Due process of law as expressed in the concept of fundamental fairness mandates that a sentence once imposed and served not be added to or enhanced at a later date. *United States v. DiFrancesco*, 449 *U.S.* 117, 101 *S.Ct.* 426, 66 *L.Ed.*2d 328 (1980); *State v. Ryan*, 86 *N.J.* 1 (1981); *State v. Burke*, 188 *N.J.Super.* 649 (Law Div.1983). In being sentenced in 1980 Decher knowingly accepted the following consequences: a fine, a suspension of license, mandatory re-education and first offender status. He served the sentence fully and knew that if convicted of the same offense in the future, he would be sentenced as a second offender. Those were his reasonable and justifiable expectations. Now, well after the fact, he is told that those expectations were incorrect, that as the result of the

1980 plea his sentence should be changed in a very significant aspect, namely, that he thereby became a second offender for future purposes (and will be a third offender if convicted now). None of that is of his creation. He had every reason to believe that his sentence (including the offender status he acquired by it) was final and conclusive. The State had available to it his driving record abstract in 1980. He did not misrepresent his status. If there were carelessness, then, on the part of the State, it is simply unfair now to use that against him. He thought he was a first offender; the State apparently thought so, too. He changed his position on that basis and pled guilty. Had he been aware of a second offender potential sentence perhaps he would have chosen to risk a trial rather than enter the plea.

For those reasons, I rule that if defendant is found guilty on the present charge, for sentencing purposes, he will be considered a second offender.

■ There is no merit to defendant's first contention. The 1972 conviction may not be set aside either because uncounselled or because of a possible inaccurate breathalyzer reading. The first argument was raised and rejected in *State v. Sweeney*, 190 *N.J.Super.* 516 (App.Div.1983). The second has been laid to rest by *Romano v. Kimmelman, above.*