STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. BRUCE
GELOK, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 14, 1989—Decided December 21, 1989.

Before Judges ANTELL, BILDER and ARNOLD M. STEIN.

*Jack Dashosh,* argued the cause for appellant.

*Dawn N. Solari,* Special Deputy Attorney General, argued the cause for respondent (*Neil S. Cooper,* Hunterdon County Acting Prosecutor, attorney; *Dawn N. Solari* on the brief).

The opinion of the court was delivered by

ARNOLD M. STEIN, J.A.D.

Defendant was convicted in the North Hunterdon Municipal Court of operating a motor vehicle under the influence of alcohol, *N.J.S.A.* 39:4–50. This was his fourth drunk driving conviction: New York in 1974, Rockaway Township in 1977, Randolph Township in 1979 and this conviction in 1988.

The trial judge sentenced defendant "for a third or subsequent violation" pursuant to *N.J.S.A.* 39:4–50(a)(3) and imposed the mandated minimum fines and penalties: a $1,000 fine, 180-day jail term or proof of satisfactory enrollment in an in-patient alcoholic rehabilitation program in lieu thereof, plus a ten-year revocation of his driving privileges. The Law Division imposed the same sentence on appeal.

██ Defendant argues that he is only a second offender notwithstanding his four admitted drunk driving convictions. His contention that four convictions really mean only two convictions is based upon his construction of a provision in the 1981 amendment to *N.J.S.A.* 39:4–50(a)(3):

This act shall take effect immediately but shall apply only to offenses committed after the effective date of this act. *L.* 1981, *c.* 537, § 3, approved January 12, 1982.

Defendant contends that because his three prior offenses precede the effective date of the 1981 amendment, he should be treated as a second offender in accordance with the pre–1981 version of *N.J.S.A.* 39:4–50, adopted in 1977:

> ... [I]f the second offense occurs 15 or more years after the first conviction the court shall treat the conviction as a first offense, and *if a third or subsequent offense occurs 10 or more years after the first conviction, the court shall treat the conviction as a second offense.* L. 1977, c. 29, § 1. [Emphasis added].

Following adoption of the 1977 amendment, the Law Division held that a defendant who had been convicted of six separate drunk driving offenses was to be treated as a second offender because her most recent offense occurred more than ten years after her first conviction. *State v. Jenkins*, 173 *N.J.Super.* 25, 28–29 (Law Div.1980).

The *Jenkins* result generated the current enhanced penalty amendment, adopted in 1981:

> ... If the second offense occurs more than 10 years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes and if a third offense occurs more than 10 years after the second offense, the court shall treat the third conviction as a second offense for sentencing purposes.

Defendant contends that calculation of the enhanced penalty provision to the 1981 amendment should consider only those offenses committed after January 12, 1982, its effective date. The argument "is as ingenious as it is unsound." *Mazzucola v. Pennsylvania R.R. Co.*, 281 *F.*2d 267, 268 (3d Cir.1960). His interpretation would require that anyone with a drunk driving conviction prior to January 12, 1982 could never receive the enhanced penalties for a third or subsequent conviction occurring ten or more years after the first conviction, regardless of the number of drunk driving convictions occurring between the first and last conviction. This was the result specifically corrected by the 1981 amendment. The Senate Judiciary Committee Statement to Senate No. 1267, *L.*1981, *c.* 47 states:

> ... [A]s part of the 1977 amendments, language was added to R.S. 39:4–50 providing that 'If a second offense occurs 15 or more years after the first conviction, the court shall treat the conviction as a first offense, and if a third

or subsequent offense occurs 10 or more years after the first conviction, the court shall treat the conviction as a second offense.'

This language seems to mandate two undesirable and probably unintentional results. First, this language would seem to require that a person convicted of a second offense 14 years after his first drunk driving conviction and a person convicted of a third drunk driving offense 11 years after his first conviction both be sentenced as second offenders. Secondly, this language would seem to require that only persons convicted of drunk driving three or more times within a 10 year period would be subject to the enhanced penalty for subsequent offenders. Persons convicted of drunk driving on innumerable occasions as long as the latest conviction was more than 10 years after the first would be sentenced as second offenders.

To clarify the meaning of R.S. 39:4-50, this bill would provide that any second offense occurring more than 10 years after the first offense be treated for sentencing purposes as a first offense and that any third offense occurring more than 10 years after the second conviction be treated for sentencing purposes as a second offense.

We will not construe the 1981 amendment to *N.J.S.A.* 39:4-50 to perpetuate the unintended and undesirable result brought about by the unfortunate language in the 1977 amendment. To do so would produce not only an unfortunate, but absurd result. For example, this defendant, first convicted of drunk driving in 1974, would be forever immune from the enhanced penalties for a third or subsequent offense. Statutes will not be construed to produce absurd or unreasonable results. *State v. Gill*, 47 *N.J.* 441, 444 (1966); *534 Hawthorne Ave. Corp. v. Barnes*, 204 *N.J.Super.* 144, 148 (App.Div.1985).

The legislative provision which makes the 1981 amendment applicable only to offenses committed after its effective date simply applies to the latest violation—in this case, the 1988 offense. Once a post-amendment violation occurs, the sentencing judge must apply the 1981 amendment, the statute in existence at the time of the latest offense. *See State v. Fahrer*, 212 *N.J.Super.* 571, 576 (App.Div.1986) (statutory changes subsequent to earlier convictions do not preclude application of enhanced penalty provision of the successor statute).

Defendant was properly treated as a third or subsequent drunk driving offender. The judgment of conviction is affirmed.[1]

---

[1]Defendant is undoubtedly a fourth drunk driving offender. *Matter of Kovalsky*, 195 *N.J.Super.* 91, 95–96 (App.Div.1984).