707 A.2d 1370

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. CARLO LUCCI, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 3, 1998—Decided March 23, 1998.

Before PRESSLER, CONLEY and CARCHMAN, JJ.

*Joe B. Truland, Jr.,* argued the cause for appellant (*James H. Maynard,* attorney; *Mr. Truland* and *Robert A. Warmington,* on the brief).

*Gary H. Schlyen,* Chief Assistant Prosecutor, argued the cause for respondent (*Ronald S. Fava,* Passaic County Prosecutor, attorney; *Mr. Schlyen,* of counsel and on the brief).

The opinion of the court was delivered by

CONLEY, J.A.D.

Convicted of driving while intoxicated, *N.J.S.A.* 39:4–50, refusal to take the breathalyzer tests, *N.J.S.A.* 39:4–50.2, careless driving, *N.J.S.A.* 39:4–97, and failure to exhibit an insurance card, *N.J.S.A.*

39:3–29, defendant's sentence included the enhanced penalties for third and subsequent DWI offenses pursuant to *N.J.S.A.* 39:4–50(a)(3). As a result, defendant's license was revoked for ten years on the DWI conviction and, consecutive thereto, two more years on the refusal conviction by both the Municipal Court and Superior Court. On appeal defendant contends that his essentially undisputed medical condition of hydrocephalus and its physical and mental manifestations are sufficient to establish a reasonable doubt that alcohol impaired his ability to drive at the time of the motor vehicle stop and are sufficient to provide a defense of confusion pursuant to *State v. Leavitt*, 107 *N.J.* 534, 542, 527 *A.*2d 403 (1987), on the refusal conviction. We agree as to the DWI conviction, but not as to the refusal conviction.

[At the request of the Appellate Division, only point IV merits publication and, therefore, points I, II and III are omitted. In those points, the Appellate Division reversed the lower court's conviction of *N.J.S.A.* 39:4–50, but affirmed the conviction of *N.J.S.A.* 39:4–50.2.]

*IV.*

■ Defendant received a two-year license suspension for the refusal conviction. We agree with the prosecutor, however, that *N.J.S.A.* 39:4–50.4a mandates a ten-year revocation under the circumstances here. That statute requires a ten-year revocation where the refusal conviction is "in connection with a third or subsequent offense under this section...." We have consistently held that prior DWI convictions are "subsequent offense[s] under this section." *E.g.*, *State v. Fielding*, 290 *N.J.Super.* 191, 193, 675 *A.*2d 653 (App.Div.1996); *State v. Tekel*, 281 *N.J.Super.* 502, 510, 658 *A.*2d 1281 (App.Div.1995). *See also In re Bergwall*, 85 *N.J.* 382, 427 *A.*2d 65 (1981), *rev'g on dissent*, 173 *N.J.Super.* 431, 414 *A.*2d 584 (App.Div.1980). Defendant has four prior DWI convictions. The imposition of only a two-year revocation, then, was an illegal sentence and must be corrected. *State v. Fearick*, 132

*N.J.Super.* 165, 170, 333 *A*.2d 29 (App.Div.1975), *aff'd,* 69 *N.J.* 32, 350 *A*.2d 227 (1976).

Defendant contends, however, that the "step-down" provisions of *N.J.S.A.* 39:4–50(a) pertaining to multiple DWI convictions are applicable and require that his conviction be considered only a second offense for penalty purposes. Assuming that defendant's enhanced penalty for his refusal conviction is affected by the step-down provision applicable to enhanced DWI penalties, *State v. Fielding, supra,* 290 *N.J.Super.* at 194, 675 *A*.2d 653, we disagree that the step-down necessitates second offender penalties.

*N.J.S.A.* 39:4–50(a)(3) provides in part that *"[f]or a third, or subsequent violation,* a person shall be subject to a fine of $1,000.00 and shall be sentenced to imprisonment for a term of not less than 180 days, except that the court may lower such term for each day, not exceeding 90 days, served performing community service. . . . and shall thereafter forfeit his right to operate a motor vehicle . . . for 10 years." (Emphasis added). However, *N.J.S.A.* 39:4–50(a) further provides in part:

> if the second offense occurs more than 10 years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes and *if a third offense* occurs more than 10 years after the second offense, the court shall treat *the third conviction* as a second offense for sentencing purposes.
>
> [Emphasis added.]

This provision accords sentencing leniency to a driver who is a second and third repeat DWI offender where there is a hiatus of ten or more years in between respectively, the first and second, and second and third infractions. In such event, the second or third repeat offender is subject to the penalties applicable to the next lower offense—if a second offender, he or she receives the penalties of a first offender and if a third offender, he or she receives the penalties of a second offender.

But the leniency proviso is entirely silent as to "subsequent offenders." Since subsection (3) specifically refers to both "third" offenders and "subsequent" offenders, the deletion of "subsequent" offenders from the leniency proviso would seem to have been quite intentional. *Contrast State v. Jenkins,* 173 *N.J.Super.*

25, 28, 412 *A.*2d 1359 (Law Div.1980) (under prior DWI enhanced penalty law which provided in part that "if a third *or subsequent* offense occurs 10 or more years after the first conviction, the court shall treat the conviction as a second offense," the seemingly "illogical" result of a sixth offender being sentenced as a second offender is required under a rule of strict statutory construction. (Emphasis added)). Further, at best, defendant as a fifth offender, would be entitled to a drop-down to the next offender status, *i.e.,* a fourth offender. He, thus, would be sentenced for a "third, or subsequent" offense.

We agree, furthermore, with the Superior Court's observation that:

[t]he statute applies to third offenders only and makes no provision for subsequent offenders to be treated less severely, even after the lapse of 10 years. Indeed the interpretation offered by the defense would be inimical to the statute because a third offender is sentenced to an automatic 10-year license revocation, therefore a fourth or subsequent offense would necessarily come more than 10 years after a third offense. The result would be that all fourth time offenders, other than those who drove while suspended, would automatically be treated as second time offenders.

We doubt very much that just because a repeat offender manages to have a ten-year hiatus between his or her second and third offenses, the Legislature intended that all subsequent offenses would be treated as second offenses for enhanced penalty purposes. *State v. Gelok,* 237 *N.J.Super.* 503, 505–06, 568 *A.*2d 541 (App.Div.1989). *See* Senate Judiciary Committee Statement to Senate No. 1267, L.1981, c. 47 (in part removing "subsequent offense" from the prior leniency provision that was interpreted in *State v. Jenkins, supra,* 173 *N.J.Super.* at 28, 412 *A.*2d 1359). That result is totally inconsistent with " 'the clear public policy of this State ... to rid the highways of drunken drivers.' " *State v. Stever,* 107 *N.J.* 543, 557, 527 *A.*2d 408, *cert. denied,* 484 *U.S.* 954, 108 *S.Ct.* 348, 98 *L. Ed.*2d 373 (1987) (quoting *State v. Dyal,* 97 *N.J.* 229, 239, 478 *A.*2d 390 (1984)). *See State v. Tischio,* 107 *N.J.* 504, 514, 527 *A.*2d 388 (1987).

Accordingly, defendant's DWI conviction is reversed. His refusal conviction is affirmed. The two-year revocation, however, is

vacated, and the statutorily mandated enhanced penalty of a ten-year revocation is imposed. The matter is remanded to the Superior Court for entry of a corrected judgment of conviction and sentence.