793 A.2d 137 (2002)
349 N.J. Super. 225
STATE of New Jersey, Plaintiff-Respondent,
v.
Gary BURROUGHS, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued March 6, 2002.
Decided March 21, 2002.
*138 Mark W. Phillips, argued the cause for appellant (Rylak & Gianos, attorneys, Clinton; Mr. Phillips, on the brief).
Harvey B. Lester, Assistant Hunterdon County Prosecutor, argued the cause for respondent (Steven C. Lember, Acting Hunterdon County Prosecutor, attorney; Mr. Lester, of counsel and on the brief).
Before Judges BAIME, NEWMAN and FALL.
The opinion of the court was delivered by BAIME, P.J.A.D.
The repeat offender section of New Jersey's drunk driving law imposes enhanced penalties with each succeeding conviction. However, if a second offense occurs more than ten years after the defendant's first offense, he is to be treated as a first offender for sentencing purposes, and if a third offense occurs more than ten years after the defendant's second offense, he is to be treated as a second offender for sentencing purposes. At issue here is whether the defendant is to be subject to second or third offender treatment where more than ten years elapsed between his first and second drunk driving offenses but less than ten years elapsed between his second and third drunk driving offenses. We hold that the Law Division was correct in requiring that defendant be sentenced as a third offender.
The facts are not in dispute. On April 18, 1982, defendant was convicted of driving while intoxicated and was sentenced as a first offender. Sixteen years later, on August 17, 1998, defendant was again convicted of driving while intoxicated but was sentenced as a first offender because more than ten years had elapsed between the first and second drunk driving violations. Two years later, on August 9, 2000, defendant was convicted a third time of driving while intoxicated. The North Hunterdon Municipal Court sentenced defendant as a second offender, reasoning that the first offense had been "forgiven" because of the eighteen year hiatus between the first and second offenses. The Law Division reversed and remanded the case to the municipal court with the direction that defendant be treated as a third offender. Defendant appeals. We affirm.
N.J.S.A. 39:4-50(a)(3) contains the operative statutory language. That section reads in pertinent part as follows:
A person who has been convicted of a previous violation of this section need not be charged as a second or subsequent offender in the complaint made against him in order to render him liable to the punishment imposed by this section on a second or subsequent offender, but if the second offense occurs more than 10 years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes and if a third offense occurs more than 10 years after the second offense, the court shall treat the third conviction as a second offense for sentencing purposes.
This provision accords sentencing leniency to a driver who is a second drunk driving offender, where there is a hiatus of ten or more years between the first and second offenses, and to a driver who is a third drunk driving offender where there is a hiatus of ten or more years between the second and third offenses. State v. Lucci, 310 N.J.Super. 58, 61, 707 A.2d 1370 (App.Div.), certif. denied, 156 N.J. 386, 718 A.2d 1215 (1998). But once having *139 been granted such leniency, the defendant has no vested right to continued "step-down" status where he commits a subsequent drunk driving offense. The earlier offense is not "forgiven." Having been granted leniency by virtue of the infraction-free lapse of time between the two earlier violations, the offender has received his reward for good conduct and is entitled to no further consideration.
Defendant's reliance on State v. Decher, 196 N.J.Super. 157, 481 A.2d 848 (Law Div.1984), is misplaced because the court there granted step-down status to the defendant for his third drunk driving offense based on a prior illegal sentence in which the court erroneously treated him as a first offender for his second offense. Furthermore, in State v. Nicolai, 287 N.J.Super. 528, 532-33, 671 A.2d 611 (App.Div.1996), we disapproved of that finding in Decher and held that the prior sentencing status is not the determining factor in sentencing a repeat drunk driving offender. Ibid.
Our construction of the statute advances important public policy concerns. We are dealing here with the Legislature's efforts to curb "`one of the chief instrumentalities of human catastrophe'"  the drunk driver. See State v. Nicolai, 287 N.J.Super. at 532, 671 A.2d 611 (quoting State v. Grant, 196 N.J.Super. 470, 476, 483 A.2d 411 (App.Div.1984)). The Legislature clearly did not intend to grant a pardon in perpetuity to an offender who repeatedly violates the law. We discern no constitutional or jurisprudential impediment to our interpretation of the statutory language. Indeed, it comports with common sense and the Legislature's clearly expressed intent.
Affirmed.