937 A.2d 328 (2008)
397 N.J. Super. 324
STATE of New Jersey, Plaintiff-Respondent
v.
Thomas CONROY, Jr., Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Telephonically Argued October 24, 2007.
Decided January 9, 2008.
*329 Mitchell J. Ansell, Ocean, argued the cause for appellant (Ansell, Zaro, Grimm & Aaron, attorneys; Mr. Ansell, of counsel and on the brief; Greg S. Gargulinski, on the brief).
Patricia B. Quelch, Assistant Prosecutor, argued the cause for respondent (Luis Valentin, Monmouth County Prosecutor, attorney; Ms. Quelch, of counsel and on the brief; Monica Do Outeiro, Assistant Prosecutor, on the brief).
Before Judges WEISSBARD, S.L. REISNER and GILROY.
The opinion of the court was delivered by
GILROY, J.A.D.
Defendant appeals from that part of the October 27, 2006, order of the Law Division, which sentenced him to 180 days of incarceration as a third offender under the Driving While Intoxicated (DWI) statute, N.J.S.A. 39:4-50(a). The question presented on appeal is whether a defendant, who has had three prior convictions for DWI, is entitled to the benefit of the ten-year "step-down" provision of N.J.S.A. 39:4-50(a)(3) on a fourth conviction, where the first conviction was entered by way of an uncounseled plea. We answer the question in the affirmative; reverse that part of the October 27, 2006, order sentencing defendant to 180 days of incarceration; and remand the matter to the trial court to re-sentence defendant as a second offender under the DWI statute.
The facts are not disputed. Defendant was convicted of DWI on October 12, 1982; April 17, 1990; and August 1, 1995. He was not represented by counsel when he pled guilty to the first offense, but was represented by counsel when he pled guilty to the second and third offenses. Because less than ten years had elapsed between the first and second offenses, as well as between the second and third offenses, defendant never previously received the benefit of the step-down provision. On November 27, 2005, defendant was arrested for DWI and other motor vehicle offenses. On May 17, 2006, defendant pled guilty to DWI; driving while suspended, N.J.S.A. 39:3-40; and falsifying his driver's license application, N.J.S.A. 39:3-37. Other charges were merged or dismissed. At sentencing, defendant had argued that although he should be sentenced as a third offender for purposes of fines and license suspension, he should only be sentenced as a second offender for purposes of incarceration. Defendant contended that his uncounseled conviction in 1982 could not be used to enhance a subsequent custodial sentence, citing State v. Laurick, 120 N.J. 1, 575 A.2d 1340 (1990),[1] and that he was entitled to the benefit of the step-down provision contained in N.J.S.A. 39:4-50(a)(3).
The municipal court judge rejected defendant's argument and sentenced defendant on the DWI conviction as a third offender to 180 days in jail, with a maximum 90 days to be served in an approved alcohol inpatient rehabilitation program; a $1,000 fine; and a ten-year suspension of his driving privileges and motor vehicle *330 registration. On his conviction for driving while suspended, defendant was sentenced as a second offender to a fine of $750; a two-month suspension of driving privileges; and one day in jail, to run consecutively to the sentence imposed on the DWI conviction. On the conviction for falsifying a driver's license application, defendant was sentenced to a forty-five-day suspended jail sentence. All other appropriate fines and penalties were also assessed. The custodial sentence was stayed, pending appeal.
On appeal de novo, from the custodial sentence imposed on the DWI conviction only, the Law Division judge again rejected defendant's argument and sentenced him as a third offender. Defendant was sentenced to the same sentence imposed in the municipal court, including 180 days in jail, with a maximum of 90 days to be served in an approved alcohol inpatient rehabilitation program.[2] On November 3, 2006, an order was entered staying the imposition of the custodial sentence pending appeal.
On appeal, defendant argues as he did in the Law Division, that he should not have been sentenced "as a third offender for custodial purposes for his violation of N.J.S.A. 39:4-50[(a)]." Defendant contends that he "should be granted both the `step[-]down' relief under Subsection (a)(3) of N.J.S.A. 39:4-50[(a)], as well as the relief afforded by the holding in Laurick." Defendant asserts that because the Law Division had concluded that Laurick was applicable in determining his sentence on the DWI conviction, the 1982 uncounseled conviction may not be used to enhance the custodial sentence on any convictions that occurred after the 1982 conviction. Accordingly, defendant argues that after applying Laurick, he stood before the trial court as a third offender for custodial purposes and should have been granted the benefit of the step-down provision, pursuant to N.J.S.A. 39:4-50(a)(3), because his 2006 violation had occurred more than ten years after the date of his 1995 offense.
The State concedes that defendant's 1982 uncounseled DWI conviction may not be used to enhance the period of incarceration for a subsequent offense under the DWI statute. However, the State argues because it is actually defendant's fourth DWI conviction, he is not entitled to the benefit of the step-down provision. The State contends that although Laurick prohibits the use of an uncounseled DWI conviction to enhance a later-imposed term of incarceration, it "does not erase the conviction from the count of the defendant's prior DWI offenses." The State asserts that the uncounseled conviction still exists and may be used to establish defendant's repeat offender status for purposes of the enhanced penalty provisions of the statute. Accordingly, the State argues that "defendant stood before both [the municipal court judge and Law Division judge] as a fourth offender and not as a third offender. . . ."
The question presented requires us to reconcile Laurick against the operative language of N.J.S.A. 39:4-50(a)(3). Although the arguments on each side of the issue are colorable, we conclude that defendant is entitled to the benefit of the step-down provision of the DWI statute. We do not reach this decision lightly. We acknowledge "[t]he primary purpose behind New Jersey's drunk driving statutes was to curb the senseless havoc and destruction caused by intoxicated drivers." *331 State v. Tischio, 107 N.J. 504, 512, 527 A.2d 388 (1987); see also State v. Johnson, 42 N.J. 146, 165, 199 A.2d 809 (1964) ("[A] great number of serious accidents have involved drinking drivers  a fact which becomes a greater importance and public concern almost daily in this motor age with ever increasing vehicle speeds, the constantly growing number of vehicles on the roads[,] and the staggeringly mounting accident toll."). However, because of the severity of the penalties which flow from a DWI conviction, both direct and indirect, our duty is to ensure that the DWI statute is enforced fairly, based on established principles of jurisprudence.
The differences in the mandatory penalties, which attach to a second DWI conviction as compared to a third DWI conviction, are substantial. On a second conviction, a defendant is subject to a fine between $500 and $1,000, a thirty-day period of community service, a two-year suspension of driving privileges, and incarceration between forty-eight consecutive hours and ninety days. N.J.S.A. 39:4-50(a)(2). On a third conviction, a defendant is subject to a fine of $1,000; incarceration for a term not less than 180 days, "except that the court may lower such term for each day, not exceeding 90 days, served participating in a drug or alcohol inpatient rehabilitation program;" and a suspension of driving privileges for a period of ten years. N.J.S.A. 39:4-50(a)(3). Under both sections, a defendant shall also be required "to install an ignition interlock device . . . or shall have his registration certificate and registration plates revoked" for two years on a second conviction and ten years on a third conviction. N.J.S.A. 39:4-50(2) and (3).
The DWI statute also contains a step-down provision that "accords sentencing leniency to a driver who is a second and repeat DWI offender where there is a hiatus of ten or more years in between respectively, the first and second, and the second and third infractions." State v. Lucci, 310 N.J.Super. 58, 61, 707 A.2d 1370 (App.Div.), certif. denied, 156 N.J. 386, 718 A.2d 1215 (1998). The statute provides in relevant part:
A person who has been convicted of a previous violation of this section need not be charged as a second or subsequent offender in the complaint made against him [or her] in order to render him [or her] liable to the punishment imposed by this section on a second or subsequent offen[se], but if the second offense occurs more than 10 years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes and if a third offense occurs more than 10 years after the second offense, the court shall treat the third conviction as a second offense for sentencing purposes.
[N.J.S.A. 39:4-50(a)(3).]
This is defendant's fourth actual conviction, having been previously convicted on October 12, 1982; April 17, 1990; and August 1, 1995. Because defendant's 1982 conviction was entered following an uncounseled plea, that conviction may not be used to enhance the period of incarceration on a subsequent conviction. Laurick, supra, 120 N.J. at 16, 575 A.2d 1340. Accordingly, we agree with defendant that when he appeared before the Law Division he stood as a third offender, not a fourth offender, for the limited purpose of the trial court imposing a jail sentence under the enhanced sentencing provision of the DWI statute.
Moreover, because there was a hiatus of more than ten years between the present offense and his last offense in 1995 (the third and second offenses, respectively, for purpose of incarceration under Laurick), *332 defendant was entitled to the benefit of the step-down provision: "where the court shall treat the third conviction as a second offense for sentencing purposes." N.J.S.A. 39:4-50(a)(3) (Emphasis added). Sentencing a qualified defendant under the step-down provision is mandatory, not discretionary. We are satisfied that to deny defendant the benefit of the step-down proviso, which the Legislature has provided to all third offenders, would violate the principle of fairness that underpins Laurick.
The State argues that cloaking defendant with the status of a third offender, when it was his fourth, runs counter to the language of the statute, which speaks only to the court treating a second DWI conviction as a first and a third DWI conviction as a second, if the second or third conviction occurred more than ten years from the previous DWI offense. The State contends that the step-down provision "is intentionally silent, and therefore, inapplicable to fourth [or subsequent] DWI offenders." We are not persuaded by this argument, as it applies to the present matter.
The Court rested its decision in Laurick, not on a constitutional or legislative basis, but on its earlier decision in Rodriguez v. Rosenblatt, 58 N.J. 281, 277 A.2d 216 (1971). In Rodriguez, the Court held that an indigent defendant charged with a disorderly persons offense was entitled to assigned counsel. Id. at 283-85, 277 A.2d 216. The Court determined that "considerations of fairness dictate[d] that appropriate steps be taken to protect unrepresented, indigent defendants against injustices which may result in their inability to cope fairly with the municipal court charges against them." Id. at 294, 277 A.2d 216. The Court concluded that "as a matter of simple justice, no indigent defendant should be subjected to a conviction entailing imprisonment in fact or other consequence of magnitude without first having had due and fair opportunity to have counsel assigned without cost." Id. at 295, 277 A.2d 216. Accordingly, the Laurick Court held that an uncounseled DWI conviction could not be used to enhance the period of incarceration on a subsequent conviction. Laurick, supra, 120 N.J. at 16, 575 A.2d 1340.
Recently, the Court reconsidered its decision in Laurick. State v. Hrycak, 184 N.J. 351, 877 A.2d 1209 (2005). Although the United States Supreme Court had held in a post-Laurick decision that Federal law does not prohibit use of a prior uncounseled conviction for enhancement of a subsequent conviction, Nichols v. U.S., 511 U.S. 738, 747-48, 114 S.Ct. 1921, 1927-28, 128 L.Ed.2d 745, 754-55 (1994), our Supreme Court reaffirmed its decision in Laurick. Hrycak, supra, 184 N.J. at 362, 877 A.2d 1209. In reaffirming Laurick, the Court stated that "a prior uncounseled DWI conviction of an indigent is not sufficiently reliable to permit increased jail sanctions under the enhanced statute. A contrary conclusion would severely undermine the policy embodied in Rodriguez, and our Court Rules. We will not do that. In short, we affirm the continuing vitality of Laurick. . . ." Id. at 363, 877 A.2d 1209. (Emphasis added).
In support of its position, the State cites State v. Burroughs, 349 N.J.Super. 225, 228, 793 A.2d 137 (App. Div.), certif. denied, 174 N.J. 43, 803 A.2d 638 (2002); State v. Lucci, supra, 310 N.J.Super. at 61-62, 707 A.2d 1370. We find the cases distinguishable.
Burroughs did not concern the applicability of Laurick to the step-down provision. None of the defendant's prior convictions were uncounseled. In Burroughs, a defendant had been convicted of DWI in *333 April 1982 and again in August 1998. At the time defendant was sentenced on the 1998 conviction, he was sentenced as a first offender because more than ten years had elapsed between the first and second offenses. Burroughs, supra, 349 N.J.Super. at 226, 793 A.2d 137. In August 2000, defendant was again convicted of DWI. The municipal court sentenced defendant as a second offender, determining that the first offense had been "forgiven" because of the time that had elapsed between the first and second offenses. Ibid. The Law Division reversed, directing that defendant be sentenced as a third offender.
On appeal, we affirmed, holding that "[t]he Legislature clearly did not intend to grant a pardon in perpetuity to an offender who repeatedly violates the law." Id. at 228, 793 A.2d 137. "[O]nce having been granted such leniency, the defendant has no vested right to continued `step-down' status where he commits a subsequent drunk driving offense." Moreover, "[t]he earlier offense is not `forgiven.' Having been granted leniency by virtue of the infraction-free-lapse of time between the two earlier violations, the offender has received his reward for good conduct and is entitled to no further consideration." Id. at 227, 793 A.2d 137.
Here, defendant never previously received the benefit of the step-down provision and to have sentenced him as a second offender, for purposes of incarceration, would not have equated to "granting a pardon in perpetuity to an offender who repeatedly violates the law." Id. at 228, 793 A.2d 137. Rather, denying defendant the benefit of the step-down provision and sentencing him as a third offender is using a prior uncounseled DWI conviction to enhance his loss of liberty on a subsequent conviction, contrary to the directive of the Court. Hrycak, supra, 184 N.J. at 362-63, 877 A.2d 1209; Laurick, supra, 120 N.J. at 16, 575 A.2d 1340.
Like Burroughs, Lucci did not involve the applicability of Laurick to the step-down provision. In Lucci, defendant was convicted of DWI and refusing to submit to a breathalyzer test, N.J.S.A. 39:4-50.4. Having had four prior DWI convictions, defendant was sentenced on the DWI conviction to the enhanced penalties as a third or subsequent offender. On the refusal conviction, defendant was sentenced to only a two-year revocation of driving privileges. Lucci, supra, 310 N.J.Super. at 60, 707 A.2d 1370. On appeal, we affirmed the conviction for refusing to submit to a breathalyzer test but reversed as to the DWI conviction. Ibid. Because DWI convictions are subsequent offenses under the refusal statute, we concluded that the imposition of only a two-year revocation of driving privileges was an illegal sentence. Ibid. We vacated that part of defendant's sentence and remanded the matter to the trial court to re-sentence defendant to the mandatory enhanced penalty of a ten-year revocation of driving privileges. Id. at 62-63, 707 A.2d 1370. We affirmed the sentence imposed on the refusal conviction because defendant had four prior DWI convictions. Id. at 60, 707 A.2d 1370.
In rejecting defendant's argument that the step-down provision was applicable, because he had a ten-year hiatus between his second and third offense, we stated that the step-down provision did not apply to a fourth or subsequent offender. Id. at 61-62, 707 A.2d 1370. We noted that the Legislature, while specifying the enhanced penalties "for a third or subsequent violation," N.J.S.A. 39:4-50(a)(3) was "entirely silent as to `subsequent offender' when enacting the step-down provision." Id. at 61, 707 A.2d 1370. "Since subsection (3) specifically refers to both `third' offenders and `subsequent' offenders, the deletion of *334 `subsequent' offenders from the leniency proviso would seem to have been quite intentional." Ibid. Because the defendant in Lucci did not stand before the sentencing court as a third offender having one prior uncounseled conviction, but as a fifth offender, we determine that our decision is not at variance with Lucci.
Lucci articulates that the step-down provision is not available to subsequent offenders, that is, defendants who have three or more prior DWI convictions because the Legislature did not enumerate and did not intend to create such a provision. Id. at 61, 707 A.2d 1370. Here, however, using defendant's uncounseled 1982 conviction implicates the severity of his sentence. If the step-down provision did not exist, there would be no issue because defendant would receive the same custodial sentence regardless of whether he was a fourth (subsequent) offender or third offender, N.J.S.A. 39:4-50(a)(3). However, the step-down provision instructs the court to decrease the sentence of a qualified third offender. Therefore, if defendant does not receive the benefit of the step-down provision, he will receive an enhanced sentence, contrary to Hrycak and Laurick.
Reversed and remanded to the Law Division to re-sentence defendant as a second offender under N.J.S.A. 39:4-50(a).
NOTES
[1] In Laurick, the Court held that an uncounseled DWI conviction without waiver of the right to counsel may not be used to enhance the period of incarceration on a subsequent conviction. Id. at 16, 575 A.2d 1340.
[2] Although the Law Division judge stated at time of sentencing that defendant could serve up to ninety days in an approved alcohol inpatient rehabilitation program, the October 27, 2006, judgment of conviction does not contain this provision.