4 A.3d 1027 (2010)
416 N.J. Super. 391
STATE of New Jersey, Plaintiff-Respondent,
v.
John ENRIGHT, Defendant-Appellant.
No. A-4630-08T4.
Superior Court of New Jersey, Appellate Division.
Submitted April 13, 2010.
Decided August 19, 2010.
*1029 John Menzel, Point Pleasant, attorney for appellant.
Theodore F.L. Housel, Atlantic County Prosecutor, attorney for respondent (Courtney M. Cittadini, Assistant Prosecutor, on the brief).
Before Judges CARCHMAN, PARRILLO and ASHRAFI.
PER CURIAM.
Defendant John Enright appeals from the judgment of the Law Division dated April 15, 2009 convicting him of driving while intoxicated (DWI), N.J.S.A. 39:4-50, and sentencing him as a third offender. We affirm defendant's conviction and sentence.
Defendant was first convicted of DWI in 1994. On June 28, 2005, he entered a plea of guilty to a second charge of DWI in the Municipal Court of Gloucester Township. Because more than ten years had elapsed since his first DWI conviction, defendant was sentenced as a first offender pursuant to N.J.S.A. 39:4-50.
On July 1, 2008, defendant was again arrested and charged with DWI, this time in Hamilton Township. He was also charged with careless driving, reckless driving, failure to maintain his lane, and operating an unregistered vehicle.
The following facts were developed at trial and at a suppression hearing. At approximately 9:15 p.m. on July 1, 2008, Officer Eric Bittman of the Hamilton Township Police Department was dispatched to investigate a tip received by telephone that there was an erratic driver on the road. The tipster was an off-duty law enforcement officer for the Camden County Prosecutor's Office. Bittman located the vehicle, a Ford pickup, traveling eastbound on Route 322. Bittman observed the vehicle "straddling the fog line... drift to the shoulder ... and cross thethe two lane dividing lanes." Bittman activated his lights and sirens. The vehicle "drifted over towards the shoulder, slowly drifted back, it did put its left-hand turn signal on and then it slowly drifted across both lanes, across the painted median, across both westbound lanes of travel and the shoulder, and finally turned into the parking lot of a restaurant along 322."
Bittman approached the vehicle and asked defendant for his credentials. Defendant's "face appeared to be flush, his eyes were watery.... His speech appeared to be slurred." Although the two had never met, defendant said to Bittman: "You know who I am. You know where I'm coming from." Bittman smelled a strong odor of alcohol coming from the vehicle. He asked defendant if he had consumed any alcoholic beverages. Defendant answered that he had "a few." Sergeant Greg Ciambron arrived as backup, and the officers ordered defendant out of his vehicle to administer field sobriety tests. While stepping out, defendant grabbed the door of his truck for support and was "staggering, he had a very spread *1030 stance. It appeared he had a hard time just standing up."
Bittman asked defendant if he had any injuries or anything that would prevent him from performing the field sobriety tests, and defendant replied no. Defendant was unable to complete the one-leg stand test, dropping his foot after only a few moments on both attempts. Bittman then administered the walk-and-turn test, instructing defendant to take nine steps forward and nine steps back in a straight line in heel to toe fashion with his arms at his sides. Defendant did not walk heel to toe and raised his arms to gain balance several times. He was unable to walk in a straight line.
Defendant was then arrested. Bittman could smell the odor of alcohol "filling" his police car on the way to the station. Defendant was given an Alcotest, but the State did not present the test results in evidence at trial because the officer did not observe defendant for twenty minutes before administering the test, as required by State v. Chun, 194 N.J. 54, 943 A.2d 114, cert. denied, ___ U.S. ___, 129 S.Ct. 158, 172 L.Ed.2d 41 (2008).
Russell Dorris testified for the defense as a fact witness. Dorris worked with defendant and was with him on the night of the arrest. Dorris and defendant had gone to a bar named Platinum Playground at approximately 6:00 p.m. to fix a gas line and install a propane tank. They finished the job at 7:15 and went inside and had "a couple drinks." The two left at about 9:00 p.m. Dorris did not have concerns about defendant driving because "he looked normal." He did not believe defendant was under the influence of alcohol. Dorris had been driving behind defendant when defendant was pulled over by Officer Bittman.
Defendant testified that, while at the Platinum Playground, he had three bottles of Budweiser and then three bottles of O'Doul's, a non-alcoholic beverage. He said he was not drunk. Defendant admitted he could not perform the walk-and-turn test. He claimed he suffered from arthritis and psoriasis. He said when Bittman asked him if he had any injuries he answered no because he did not "have any broken legs or sprained ankles or anything like that."
The municipal court found defendant guilty of DWI and failure to maintain his lane. Defendant was sentenced as a third offender on the DWI charge to serve 180 days in county jail, his driver's license was suspended for ten years, and he was ordered to have an alcohol ignition interlock for one year. Fines and penalties were also imposed.
Defendant filed for a trial de novo in the Law Division pursuant to Rule 3:23. Judge Robert Neustadter of the Superior Court heard the case on April 2, 2009. Judge Neustadter also found defendant guilty of DWI, and he reimposed the same sentence as the municipal court on April 15, 2009, except that the lane violation was merged into the DWI charge. The custodial portion of defendant's sentence was stayed pending appeal. Defendant filed a timely notice of appeal to this court.
On January 21, 2009, after his conviction in the municipal court but before the proceedings in the Law Division, defendant filed a petition for post-conviction relief (PCR) from his 2005 conviction in the Gloucester Township Municipal Court. That conviction had not been appealed, and defendant had completed that sentence at the time of his PCR petition.
In his petition, defendant argued that the Gloucester Township court had failed to adhere to procedural safeguards in 2005 and failed to review penalties with defendant before accepting his guilty plea to *1031 DWI. He also argued ineffective assistance of counsel and insufficient evidence. After two postponements, defendant's petition was heard on June 2, 2009. The Gloucester Township Municipal Court granted defendant's petition in part and denied it in part. It issued an order on June 3, 2009, stating,
[T]he plea entered in this court on June 28, 2005, remains in effect. However, this plea will not be evidential in sentencing on any violation under [N.J.S.A.] 39:4-50, and no court may use this plea to enhance the custodial aspects of any sentence imposed pursuant to [N.J.S.A.] 39:4-50 arising after the date of the present pleai.e., June 28, 2005.
We then granted defendant's application for emergent relief to remand to the Law Division to reconsider the Hamilton Township sentence following the granting of partial PCR in Gloucester Township. On June 18, 2009, Judge Neustadter denied defendant's application to change his sentence, stating that the Law Division is not bound by the order of municipal court. Judge Neustadter again stayed defendant's jail sentence pending appeal.
On appeal, defendant raises the following points:
A. HAMILTON TOWNSHIP
I. THIS COURT SHOULD VACATE DEFENDANT'S CONVICTION AND REMAND HIS CASE FOR A JURY TRIAL BECAUSE HE FACES MORE THAN SIX MONTHS IN JAIL AND SERIOUS QUASI-CRIMINAL AND CIVIL CONSEQUENCES IF CONVICTED.
II. DENYING DEFENDANT OF DISCOVERY RELATED TO ONE-LEG-STAND AND WALK-AND-TURN TESTS VIOLATED DUE PROCESS BY DEPRIVING HIM OF POTENTIALLY EXCULPATORY EVIDENCE.
III. CONSIDERATION OF THE CONTENT OF AN ANONYMOUS TIP AS SUBSTANTIVE EVIDENCE (RATHER THAN LIMITING ITS USE TO QUESTIONS OF PROBABLE CAUSE) VIOLATED DEFENDANT'S RIGHT TO CONFRONTATION AND RESULTED IN AN UNFAIR TRIAL, WARRANTING REMAND.
IV. UNDER THE MOST RATIONAL READING OF THE STATUTES, DEFENDANT SHOULD BE CONSIDERED A SECOND OFFENDER FOR SENTENCING PURPOSES RATHER THAN A THIRD OFFENDER, GIVEN THE TIMING OF HIS PRIOR CONVICTIONS.
B. GLOUCESTER TOWNSHIP
V. THE MUNICIPAL COURT IN GLOUCESTER TOWNSHIP FAILED TO ADHERE TO PROCEDURAL SAFEGUARDS REQUIRED FOR THE PROTECTION OF BOTH THE DEFENDANT AND THE STATE.
VI. THE MUNICIPAL COURT IN GLOUCESTER TOWNSHIP FAILED TO REVIEW PENALTIES WITH DEFENDANT PRIOR TO THE ENTRY OF HIS GUILTY PLEA.
VII. WHETHER COUNSEL WAS EFFECTIVE REMAINS AN OPEN QUESTION, GIVEN THE LACK OF ANY BASIS ON WHICH TO CONCLUDE THAT DISCOVERY HAD BEEN EITHER REQUESTED OR REVIEWED.
VIII. THIS COURT MAY EITHER (A) RESENTENCE ENRIGHT AS A FIRST OFFENDER FOR *1032 CUSTODIAL PURPOSES WITH A REMAND FOR RECONSIDERATION OF THE POST CONVICTION RELIEF AND ITS AFFECT [sic] ON DEFENDANT'S THIRD OFFENSE SENTENCE OR (B) REDUCE THE CUSTODIAL CONSEQUENCES ON THE THIRD OFFENSE SENTENCE TO THOSE OF A FIRST OFFENSE, RETAINING THE THIRD OFFENSE SENTENCE FOR SO-CALLED ADMINISTRATIVE CONSEQUENCES OR (C) WITHHOLD FURTHER ACTION ON SENTENCING PENDING A REMAND TO GLOUCESTER TOWNSHIP MUNICIPAL COURT FOR A DETERMINATION OF POST CONVICTION RELIEF AFTER A FULL HEARING.
Initially, we decline to consider the full scope of arguments raised regarding the validity of the Gloucester Township conviction because defendant did not appeal the PCR ruling. The notice of appeal before us is only from the Hamilton Township conviction. The only issue cognizable on this appeal relating to the Gloucester Township conviction is whether the municipal court's order of June 3, 2009, could effectively control Judge Neustadter's sentencing of defendant as a third offender for his Hamilton Township conviction. We agree with Judge Neustadter that it could not.
The June 3, 2009 order stated that defendant's 2005 conviction could not be used to enhance a custodial sentence on a subsequent conviction. In issuing that order, the municipal court judge did not find that defendant's 2005 conviction was "uncounseled." In fact, there is no dispute that defendant was represented by an attorney for his Gloucester Township DWI charge. Nor did the judge conclude that defendant had received ineffective assistance of counsel in entering his guilty plea. Nevertheless, the municipal court granted partial relief to defendant, stating that the ruling was pursuant to State v. Laurick, 120 N.J. 1, 575 A.2d 1340, cert. denied, 498 U.S. 967, 111 S.Ct. 429, 112 L.Ed.2d 413 (1990).
The PCR record does not include adequate reasons for the unusual order of June 3, 2009. We can discern from the brief oral statement of the judge that he granted partial relief to defendant only on the ground that defendant was not advised of "rights" before he entered his plea of guilty to the DWI charge. Defendant, however, was aware of his right to assistance of counsel because he requested time to retain an attorney and did so before his guilty plea. In addition, the record does not demonstrate any other violation of defendant's rights, such as the right to remain silent. See R. 7:3-2 (On first appearance, defendant must be advised of the charges against him, the penalties that apply, the right to remain silent, and the right to be represented by counsel even if indigent.).
The municipal court incorrectly relied on Laurick, supra, 120 N.J. 1, 575 A.2d 1340, to grant partial relief to defendant. Nothing in that opinion authorizes a municipal court to order that a guilty plea with the assistance of counsel be excluded from enhancement of a subsequent sentence under the DWI statute. The Court in Laurick held that a defendant may not be sentenced to an enhanced period of incarceration based on a previous uncounseled conviction where the trial court failed to comply with court policy established in Rodriguez v. Rosenblatt, 58 N.J. 281, 277 A.2d 216 (1971), to notify an indigent defendant of his right to counsel for a DWI offense. Laurick, supra, 120 N.J. at 16-17, 575 A.2d 1340. The Court did not *1033 hold that any alleged infirmity in a prior conviction would result in the same relief.
In State v. Hrycak, 184 N.J. 351, 877 A.2d 1209 (2005), the Court set forth the elements that a defendant must prove to avoid an increased sentence based on a prior conviction:
As a threshold matter, the defendant has the burden of proving in a second or subsequent DWI proceeding that he or she did not receive notice of the right to counsel in the prior case.... In that vein, if defendant proves that notice of the right to counsel was not provided, the inquiry is then bifurcated into whether the defendant was indigent or not indigent. "[I]f [the] defendant [was] indigent, [the defendant must prove that] the DWI conviction was a product of an absence of notice of the right to assignment of counsel and non-assignment of such counsel without waiver." On the other hand, if the defendant was not indigent at the time of the prior uncounseled conviction, [the] defendant should have the right to establish such lack of notice as well as the absence of knowledge of the right to be represented by counsel of one's choosing and to prove that the absence of such counsel had an impact on the guilt or innocence of the accused or otherwise wrought a miscarriage of justice for the individual defendant.
[Hrycak, supra, 184 N.J. at 363, 877 A.2d 1209 (quoting Laurick, supra, 120 N.J. at 11, 575 A.2d 1340 (quotation marks omitted)).]
Essential to each potential contingency is the absence of counsel at the time of the earlier DWI conviction. Here, defendant has not claimed indigency, and he was represented by an attorney for the Gloucester Township charge. Furthermore, there was no finding of ineffective assistance of counsel.[1]
Even if grounds other than absence of counsel should be applied by analogy to the holdings of Laurick and Hrycak, the transcript dated May 24, 2005, before defendant's plea in Gloucester Township, shows that defendant was informed of the penalties he faced on his charges, and he requested time to retain an attorney, which the court granted. On June 28, 2005, defendant appeared with his attorney and pleaded guilty to DWI. He was sentenced the same day as a first offender because of the passage of ten years since his 1994 DWI conviction. See N.J.S.A. 39:4-50.
There is no evidence in the record before us that defendant was prejudiced in any manner as a result of the alleged failure to provide advice in the courtroom about defendant's "rights." Nothing in the record suggests that defendant was indigent and could not afford to hire an attorney. Moreover, there is no evidence that defendant was unaware of his right to stand trial or to remain silent.
*1034 Additionally, in ruling on the PCR application, the municipal court itself said there was "no indication from the defense that should this have been tried there may have been a different result." In other words, defendant's PCR petition failed to establish any prejudice as a result of the procedural deficiency, which in any event did not affect his right to counsel. Without a showing of prejudice, defendant was not entitled to set aside his Gloucester Township conviction, and the court so ruled. Defendant has not appealed that ruling.[2]
Because defendant's Gloucester Township plea and conviction were not uncounseled, there was no basis under Laurick and Hrycak to order that the conviction could not be considered for purposes of an increased sentence on a subsequent conviction. We conclude that the municipal court's partial grant of PCR was contrary to law and was not binding on the Law Division in its assessment of the appropriate penalty to be imposed under the DWI statute.
Turning next to the Hamilton Township proceedings, defendant argues that he was entitled to a jury trial because he faced more than 180 days in jail. He contends that he could have been sentenced to 180 days for DWI, fifteen days for careless driving, sixty days for reckless driving, and up to seventy additional days if he was unable to pay the mandated fines.
[A] jury trial is not required unless the maximum penalty to which the defendant is exposed exceeds six months incarceration and a fine of $1,000. Where factually related petty offenses are tried together whose maximum sentences total more than six months, and the defendant is not offered a jury trial, the sentences may not total more than six months.
[State v. Hamm, 121 N.J. 109, 112, 577 A.2d 1259 (1990), cert. denied, 499 U.S. 947, 111 S.Ct. 1413, 113 L.Ed.2d 466 (1991) (citations omitted).]
Upon conviction on DWI and the lane violation, defendant was sentenced to 180 days in jail. There was no violation of his Sixth Amendment right to a trial by a jury. See Lewis v. United States, 518 U.S. 322, 328, 116 S.Ct. 2163, 2167, 135 L.Ed.2d 590, 596-97 (1996).
Defendant argues next that the trial court's denial of his discovery requests before trial violated his due process rights. At the time of defendant's first appearance, his attorney requested "to know what manual the officer considers authoritative so that I know which one to pull out *1035 of my library to prepare my cross examination of the officer." He also requested "copies of previous test administrations" by the officer. In his brief on appeal, defendant claims the field sobriety test manual was relevant to the test's acceptance in the scientific community and its weight and admissibility at trial and that the prior test administration reports were relevant to the officer's credibility since "[o]n rare occasions, certain officers may repeat either verbatim or with disturbing similarity the same observation from case to case."
We review the trial court's denial of defendant's discovery requests under an abuse of discretion standard. See Wilson v. Amerada Hess Corp., 168 N.J. 236, 253, 773 A.2d 1121 (2001); Connolly v. Burger King Corp., 306 N.J.Super. 344, 349, 703 A.2d 941 (App.Div.1997); State v. Ford, 240 N.J.Super. 44, 50, 572 A.2d 640 (App.Div.1990). "[D]efendants' discovery in DWI cases is limited to those relevant items, within the limitations of Rule 3:13-3(a), which there is a reasonabl[e] basis to believe will assist a defendant's defense." Id. at 49, 572 A.2d 640.
Nothing prevented defense counsel from cross-examining the officer on the basis of manuals and treatises that defense counsel considered to be authoritative for field sobriety testing. The officer's training would not affect whether the particular testing methodology he used was reliable or not.
As to prior police reports involving DWI suspects other than defendant, "allowing a defendant to forage for evidence without a reasonable basis is not an ingredient of either due process or fundamental fairness in the administration of the criminal laws." Ibid. We find no abuse of discretion in the trial court's discovery rulings.
Defendant also argues that admission of Officer Bittman's testimony that he was led to defendant's vehicle by a tip violated his Sixth Amendment right to confront witnesses against him because the off-duty officer was not called to testify at trial. Officer Bittman's testimony was originally offered during the suppression hearing to establish reasonable suspicion for making the motor vehicle stop. The parties agreed that the record of the suppression hearing would be incorporated into the trial record. There is no indication that the municipal court judge relied on the tip as substantive evidence of defendant's guilt.
On de novo review, the Law Division stated that the evidence of the tip was also admissible under the hearsay exception for present sense impression. See N.J.R.E. 803(c)(1). Because defendant has not challenged that evidentiary ruling, we consider only defendant's constitutional argument.
Hearsay testimony violates a defendant's right to confront witnesses only when the out-of-court declaration is testimonial in nature and the declarant does not testify at the trial. State v. Coder, 198 N.J. 451, 460-61, 968 A.2d 1175 (2009); Davis v. Washington, 547 U.S. 813, 822, 126 S.Ct. 2266, 2273-74, 165 L.Ed.2d 224, 237 (2006).
Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*1036 [Coder, supra, 198 N.J. at 460-61, 968 A.2d 1175 (quoting Davis, supra, 547 U.S. at 822, 126 S.Ct. at 2273-74, 165 L.Ed.2d at 237).]
The tip in this case was from an off-duty law enforcement officer who was driving along defendant's route and observed his erratic driving. It was not a statement made during police interrogation to serve a future prosecution. The tip was given to assist the local police in meeting an ongoing emergency, an intoxicated driver on the road. Defendant's right to confrontation was not violated by admission of the off-duty officer's tip.
Defendant also argues that he was improperly sentenced as a third offender because his second conviction in 2005 occurred more than ten years after his first conviction. We rejected a similar argument in State v. Burroughs, 349 N.J.Super. 225, 793 A.2d 137 (App.Div.), certif. denied, 174 N.J. 43, 803 A.2d 638 (2002). See also State v. Ciancaglini, 411 N.J.Super. 280, 288 n. 4, 986 A.2d 1, certif. granted, 202 N.J. 43, 994 A.2d 1039 (2010).
Under N.J.S.A. 39:4-50a(3), when a defendant is convicted of a third DWI less than ten years after his second DWI conviction, the "step-down" provision of the statute does not apply. The conviction is treated as a third offense for purposes of sentencing. Burroughs, 349 N.J.Super. at 227, 793 A.2d 137. "Having been granted leniency by virtue of the infraction-free lapse of time between the two earlier violations, the offender has received his reward for good conduct and is entitled to no further consideration." Ibid. We find no reason to depart from our holding in Burroughs. Defendant was correctly sentenced as a third offender.
Affirmed.
NOTES
[1] Defendant asks this court to remand to the Gloucester Township Municipal Court for a hearing on his claim of ineffective assistance of counsel. He argues that "there is no record of the extent to which defense counsel reviewed discovery or constitutional rights to trial, confrontation, and testimony so as to determine whether Enright's plea was truly knowing and intelligent." He argues further that "[t]he present record ... is silent about either the existence of discovery ... or Enright's knowledge and understanding of the significance of such discovery." These allegations are not sufficient to establish a prima facie case of ineffective assistance of counsel under the two-part test established by Strickland v. Washington, 466 U.S. 668, 689-92, 104 S.Ct. 2052, 2065-67, 80 L.Ed.2d 674, 694-96 (1984), and adopted by our courts in State v. Fritz, 105 N.J. 42, 58, 519 A.2d 336 (1987), such that a hearing is warranted. See State v. Preciose, 129 N.J. 451, 462, 609 A.2d 1280 (1992).
[2] We note that a factual basis for a plea of guilty is constitutionally required only where defendant accompanies the plea with a claim of innocence. State v. Mitchell, 126 N.J. 565, 577-78, 601 A.2d 198 (1992); State v. Barboza, 115 N.J. 415, 421 n. 1, 558 A.2d 1303 (1989). Vacating a plea is only warranted where the error in taking the plea results in a "manifest injustice." See State v. Johnson, 182 N.J. 232, 237, 864 A.2d 400 (2005). Defendant showed no manifest injustice in his Gloucester Township plea, in particular, because he was represented, and there was a factual basis for his plea of guilty.

Also, a claim based on insufficiency of evidence is not cognizable on a PCR petition because it can and should be raised on direct appeal. See R. 7:10-2(b)(3) and (d)(1); R. 3:22-3 and -4; State v. Morales, 120 N.J.Super. 197, 200, 293 A.2d 672 (App.Div.), certif. denied, 62 N.J. 77, 299 A.2d 75 (1972); see also State v. Murray, 315 N.J.Super. 535, 539-40, 719 A.2d 190 (App.Div. 1998) (matters that could have been raised on direct appeal normally may not be considered in a PCR petition), modified on other grounds, 162 N.J. 240, 744 A.2d 131 (2000). In any event, such a claim is waived by a guilty plea. See R. 3:9-3(f); State v. Knight, 183 N.J. 449, 470, 874 A.2d 546 (2005); State v. Crawley, 149 N.J. 310, 316, 693 A.2d 859 (1997).