NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1495-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

DAVID C. LILLY,

 Defendant-Appellant.
_______________________________

 Argued February 13, 2017 – Decided February 28, 2017

 Before Judges Haas and Currier.

 On appeal from Superior Court of New Jersey,
 Law Division, Gloucester County, Indictment
 No. 14-04-00359.

 Peter J. Bonfiglio, III, argued the cause for
 appellant (Hoffman Dimuzio, attorneys; Mr.
 Bonfiglio, on the brief).

 Carol M. Henderson, Assistant Attorney
 General, argued the cause for respondent
 (Christopher S. Porrino, Attorney General,
 attorney; Ms. Henderson, on the brief).

PER CURIAM

 On April 16, 2014, a Gloucester County grand jury returned a

one-count indictment charging defendant David Lilly with fourth-

degree operating a motor vehicle while his license was suspended
after multiple driving while intoxicated ("DWI") convictions.

N.J.S.A. 2C:40-26(b). On March 16, 2015, the trial judge denied

defendant's motion to dismiss the indictment.

 On June 29, 2015, defendant entered a conditional guilty plea

to the indictment and reserved his right to appeal the trial

judge's denial of his motion to dismiss the indictment. On October

30, 2015, the judge sentenced defendant to three years of probation

conditioned upon a mandatory term of 180 days in jail without

parole. The judge also imposed appropriate fines and penalties,

and stayed the custodial portion of the sentence pending appeal.

 On appeal, defendant presents the following argument:

 DEFENDANT'S MOTION TO DISMISS THE INDICTMENT
 SHOULD HAVE BEEN GRANTED BECAUSE DEFENDANT
 CANNOT BE FOUND GUILTY OF VIOLATING N.J.S.A.
 2C:40-26(b) FOR DRIVING WITH A SUSPENDED
 LICENSE WHERE THE UNDERLYING DWI OFFENSE WAS
 TREATED AS A FIRST OFFENSE PURSUANT TO
 N.J.S.A. 39:4-59(a)(3).

Having considered this argument in light of the record and

applicable law, we affirm.

 On September 5, 2000, defendant was convicted of DWI under

N.J.S.A. 39:4-50. On July 11, 2013, defendant was again convicted

of DWI. This was defendant's second conviction for DWI, but he

was sentenced as a first offender under the step-down provision

of N.J.S.A. 39:4-50(a)(3) because there was more than a ten-year

 2 A-1495-15T1
gap between his first and second DWI convictions. The trial court

suspended defendant's driver's license for seven months.

 During this seven-month period of suspension, defendant drove

his car on December 22, 2013 and was stopped by a police officer.

Because defendant had two DWI convictions, he was charged under

N.J.S.A. 2C:40-26(b) for "operat[ing] a motor vehicle during the

period of license suspension . . . for a second or subsequent

violation of" N.J.S.A. 39:4-50.

 In his motion to dismiss the indictment, defendant argued

that because he was sentenced on his second DWI conviction as if

it were his first DWI offense under the step-down provision of

N.J.S.A. 39:4-50(a)(3), he had not committed "a second or

subsequent" DWI and, therefore, should not have been charged under

N.J.S.A. 2C:40-26(b).

 Following oral argument, the trial judge denied defendant's

motion. In his March 16, 2015 written opinion, the judge stated:

 Here, [d]efendant operated a motor vehicle
 while his license was suspended after his
 second DWI. Although true that [d]efendant
 was sentenced as though the 2013 DWI was his
 first offense, the language of N.J.S.A. 39:4-
 50(a)(3) states that the step-down is for
 "sentencing purposes." Therefore, the July
 2013 DWI was [d]efendant's second DWI for all
 other purposes, including the applicability of
 N.J.S.A. 2C:40-26(b).

 3 A-1495-15T1
 On appeal, defendant again argues that his qualification for

lenient sentencing under the step-down provision of N.J.S.A. 39:4-

50(a)(3) essentially dissolved his prior DWI conviction and

rendered him a first-time offender. As a result, defendant

maintains that he could not be charged under N.J.S.A. 2C:40-26(b)

because that statute applies only to second or subsequent DWI

offenders. However, defendant's argument is contrary to the

unambiguous language of N.J.S.A. 39:4-50(a)(3) and creates a false

connection between that statute and N.J.S.A. 2C:40-26(b).

 N.J.S.A. 39:4-50(a)(3) provides:

 A person who has been convicted of a previous
 violation of this section need not be charged
 as a second or subsequent offender in the
 complaint made against him [or her] in order
 to render him [or her] liable to the
 punishment imposed by this section on a second
 or subsequent offender, but if the second
 offense occurs more than 10 years after the
 first offense, the court shall treat the
 second conviction as a first offense for
 sentencing purposes and if a third offense
 occurs more than 10 years after the second
 offense, the court shall treat the third
 conviction as a second offense for sentencing
 purposes.

 [(emphasis added).]

As noted above, a person is chargeable under N.J.S.A. 2C:40-26(b)

with fourth-degree operating a motor vehicle during a period of

license suspension "if the actor's license was suspended or revoked

for a second or subsequent violation of" N.J.S.A. 39:4-50.

 4 A-1495-15T1
 "It is well settled that the goal of statutory interpretation

is to ascertain and effectuate the Legislature's intent." In re

Fisher, 443 N.J. Super. 180, 190 (App. Div. 2015) (quoting State

v. Olivero, 221 N.J. 632, 639 (2015)), certif. denied, 224 N.J.

528 (2016). "Our analysis of a statute begins with its plain

language, giving the words their ordinary meaning and

significance." Ibid. (citing Olivero, supra, 221 N.J. at 639).

"When the language 'clearly reveals the meaning of the statute,

the court's sole function is to enforce the statute in accordance

with those terms.'" Ibid. (quoting Olivero, supra, 221 N.J. at

639).

 N.J.S.A. 39:4-50(a)(3) unambiguously states that the leniency

in sentencing afforded a second-time DWI offender under the step-

down provision is "for sentencing purposes" only, and that the

second offense is considered just that, a "second offense" and a

"second conviction." Ibid. Common sense dictates that the step-

down provision does not serve to rewrite history and reduce the

total number of DWIs committed by the defendant or his or her

total number of convictions to one. We also find it obvious that

as used in N.J.S.A. 39:4-50(a)(3), the phrase "for sentencing

purposes" means sentencing for violations of that provision of the

DWI statute only. See State v. Revie, 220 N.J. 126, 139 (2014)

(citing State v. Conroy, 397 N.J. Super. 324, 330 (App Div.),

 5 A-1495-15T1
certif. denied, 195 N.J. 420 (2008)) (observing that the step-down

provision of N.J.S.A. 39:4-50(a)(3) applies to the imposition of

a custodial sentence under the DWI statute).

 N.J.S.A. 2C:40-26(b) punishes the crime of driving on a

suspended license and prescribes a mandatory 180-day jail term for

second-time DWI offenders. Despite the fact that a second DWI

offense is a prerequisite to the mandatory 180-day incarceration

period, it is important to note that "[d]efendant is not being

punished under N.J.S.A. 2C:40-26(b) for his prior DWI . . .

offenses; he is being punished for driving without a license."

State v. Carrigan, 428 N.J. Super. 609, 624 (App. Div. 2012),

certif. denied, 213 N.J. 539 (2013) (finding that N.J.S.A. 2C:40-

26(b) applies to recidivist DWI offenders driving during a period

of license suspension irrespective of whether the DWI offenses

occurred before the effective date of N.J.S.A. 2C:40-26(b)).

 Defendant was convicted of DWI once in September 2000 and for

a second time in July 2013. Even though he was sentenced in 2013

as a first-time offender, the 2013 DWI conviction clearly and

unambiguously constituted his second DWI offense and his second

DWI conviction. During the period of license suspension following

defendant's second DWI, he drove, giving rise to criminal charges

under the statute that prohibits driving during a period of license

suspension. Thus, defendant was properly charged under N.J.S.A.

 6 A-1495-15T1
2C:46-20(b) and the trial judge correctly denied defendant's

motion to dismiss the indictment.

 Affirmed. The stay of sentence previously granted by the

trial court shall dissolve within twenty days of this opinion.

 7 A-1495-15T1