PASSAIC NATIONAL BANK AND TRUST COMPANY, complainant,

*v.*

EAST RIDGELAWN CEMETERY, defendant-appellant.

———

WALTER D. VAN RIPER, Attorney-General, VIVIAN D. BELL et al., lot owners in East Ridgelawn Cemetery, and MABEL L. SMITH et al., holders of certificates of indebtedness issued by East Ridgelawn Cemetery, intervenors, petitioners-appellants,

*v.*

WALTER G. WINNE and TOBY FURST, substituted trustees, &c., defendants-respondents.

[Argued October 24th, 1945. Decided January 31st, 1946.]

*Messrs. Carey & Lane (Mr. Robert Carey* and *Mr. Harry Lane,* of counsel), for the appellant East Ridgelawn cemetery.

*Mr. Walter D. Van Riper, in proprio persona (Mr. Sackett M. Dickinson,* of counsel), for the Attorney-General.

*Mr. William L. Rae,* for the appellants Vivian D. Bell et al., lot owners, and Mabel L. Smith et al., certificate holders.

*Mr. Isadore Glauberman,* for the respondents.

The opinion of the court was delivered by

HEHER, J.

On July 18th, 1933, a final decree was entered in this cause on the advice of the late Vice-Chancellor Backes, adjudging that under the provisions of a declaration of trust made by complainant and a conveyance of lands for cemetery uses to the East Ridgelawn Cemetery pursuant thereto, there was "payable" to complainant by the cemetery association, out of moneys received from the sale of the association's lands for burial purposes, "for the account of the dividend fund" set up in the declaration of trust, the sum of $205,973.63, and

the further sum of $3,418.67, for the "perpetual care fund."
It was therein also provided that "all further questions are
reserved at the foot of this decree for further action, and that
either party shall have leave from time to time to apply to
the court for further direction hereunder as occasion shall
arise." One of the conditions of the conveyance is that the
cemetery association shall pay, "as consideration therefor,
such amount as it may receive from time to time as the pro-
ceeds of sale of lots or plots," in manner following: The
association shall first deduct from the proceeds of sale of the
lots or plots such sum as it may deem necessary for the "per-
petual care fund," not less than six cents per square foot of
land sold for burial purposes, and pay the same to complain-
ant for investment, and then shall pay to complainant one-
half of the balance of the proceeds of such sales, and also, as
a further consideration for the conveyance, all moneys remain-
ing after the allowance of the expense of preserving, improv-
ing and embellishing the cemetery grounds, and avenues and
roads leading thereto, and for building thereon, and all debts
and operating expenses, and such an amount as the associa-
tion may deem proper to retain from time to time for the
future embellishment of the cemetery. There is also a pro-
vision for the issuance of negotiable certificates of interest in
the proceeds of the sale of the lots.

The decree remains unsatisfied; and on February 5th, 1945,
the respondents, Messrs. Winne and Furst, as trustees for the
holders of certificates of shares of the proceeds of the sale
of lots, substituted in the place and stead of complainant by
appointment of the Federal District Court, petitioned the
Chancellor for the appointment of a sequestrator to take the
revenues derived from the sale of burial lots and apply them
to the satisfaction of the moneys thus decreed to be due, with
interest, pursuant to *R. S. 8:2–29.* An order was thereupon
made directing the Attorney-General and the cemetery asso-
ciation to show cause why this relief should not be granted.
An answer and cross-petition were interposed by the cemetery
association setting forth, *inter alia,* that the decree did not
"direct" the payment of the amount thus adjudged to be
"payable;" that the validity of the declaration of trust and

the covenant relating thereto embodied in the deed of conveyance to it was not thereby determined; that, on the authority of the case of *Atlas Fence Co.* v. *West Ridgelawn Cemetery, 119 N. J. Eq. 552,* the provision in the deed of trust of a dividend fund out of the proceeds of sale of lots is wholly void, and the trustees for the certificate holders are entitled to receive only the fair value of the land conveyed to it at the time of the conveyance, with interest, and without priorities over other creditors and, particularly, the holders of certificates of indebtedness; that it is now necessary to use all the moneys derived from the sale of burial lots for the upkeep and maintenance of the cemetery grounds and the payment of interest on and the redemption of the certificates of indebtedness, and there are no funds available for the payment of any moneys held to be due respondents as trustees for certificate holders, and, moreover, that the claims asserted on behalf of the certificate holders are barred by *R. S. 2:24–1,* and by laches; and praying for relief accordingly, "at the foot of the final decree." The Attorney-General answered that he was not a party to the original suit and is, therefore, not bound by the final decree; that he is, *ex officio,* the representative of the public and, in particular, present and future owners of burial lots in the cemetery; and that he joined in the cemetery association's averments that the provision for a dividend fund in the trust deed is void, and the trustees for the certificate holders are only entitled to the fair value of the land thus conveyed, with interest, but without priorities over other creditors.

Vice-Chancellor Egan, on motion, struck out the answer and cross-petition of the cemetery association and the answer of the Attorney-General, and directed the sequestration of the proceeds of the sale of the cemetery lands, and appointed sequestrators to take the proceeds of such sales into their possession and to apply not more than one-half thereof to the maintenance of the cemetery and to hold the balance subject to further order. He entertained the view that the final decree was conclusive of the amount due, and that the reservation therein did not have reference to questions that had been "adjudicated;" that the Attorney-General was not a

necessary party to the suit, since he "was not interested in the amount which is due from the defendant to the complainant;" and that the final decree herein is *res judicata* of the questions now raised. Both the cemetery association and the Attorney-General appeal. The Vice-Chancellor also denied motions for leave to intervene interposed by several lot owners and holders of certificates of indebtedness. They, too, appeal.

It is now urged by the cemetery association that the only matter before Vice-Chancellor Backes was "the taking of an account of what amount would be due and payable into the dividend fund under the terms of the declaration of trust," and that the validity of the provisions of the declaration of trust and deed here under review was not in issue before him and was not determined by him, and the question is not *res judicata* as to it. But we have no occasion to consider the point. The Attorney-General, as the representative of the public, was a necessary party to a proceeding instituted for the settlement of this issue; and the decree is not conclusive as to him. The challenged provision for a dividend fund contravenes the essential policy of the statute, and is therefore void. *East Ridgelawn Cemetery Co.* v. *Frank, 77 N. J. Eq. 36; Atlas Fence Co.* v. *West Ridgelawn Cemetery, 119 N. J. Eq. 552.* It is alien to the legislative scheme; and public policy forbids its enforcement.

It is the settled rule in this state that lands dedicated and utilized as a place of sepulture are devoted to a charitable use. The legislature so regards them. Cemeteries organized under *R. S. 8:1–1 et seq.* are charitable trusts. *Newark* v. *Stockton, 44 N. J. Eq. 179; Toppin* v. *Moriarity, 59 N. J. Eq. 115; East Ridgelawn Cemetery Co.* v. *Frank, supra; Bliss* v. *Linden Cemetery Association, 81 N. J. Eq. 394; Atlas Fence Co.* v. *West Ridgelawn Cemetery, 110 N. J. Eq. 580, 591; Atlas Fence Co.* v. *West Ridgelawn Cemetery, 119 N. J. Eq. 552.* Cemeteries have also been described as "a pious and public use." *Close* v. *Glenwood Cemetery, 107 U. S. 474.*

It is a corollary of the foregoing principle that the Attorney-General, as the principal legal representative of the public, is a necessary party to a suit for the determination of the issue thus raised. It is his function and duty to vindicate

and protect the public right. *Bliss* v. *Linden Cemetery Association, supra; Bible Readers' Aid Society* v. *Katzenbach, 97 N. J. Eq. 416.* Respondents seem to recognize that the Attorney-General has a duty to perform here, for they have joined him as a party to this proceeding, the while insisting that he is a necessary party only where the object of the suit is the appointment of a receiver for such an association. But the distinction is plainly illusory. The provision in question is null as in conflict with the statutory policy, obviously designed to secure the economic structure of such associations and their faculty for administering the trust; and the effectuation of the statute is within the province of the Attorney-General, acting for the state. It is no less his duty, in the state's interest, to guard against the conditions that make for a receivership than to act after disintegration is a fact. The history of the particular association affords some demonstration of the wisdom of the legislative policy.

Among the common-law duties of the Attorney-General is the enforcement of public charities. He is the protector of the common interest in the trust; and, as such, he is an indispensable party where such interest is substantially involved in the litigation, for, unless the state is represented, the adjudication cannot be conclusive. *MacKenzie* v. *Trustees of Presbytery of Jersey City, 67 N. J. Eq. 678.* In England, the king, *pro bono publico,* has an original right to superintend the care of charities; and the right is exercised by his attorney-general with the aid of the chancellor. *Philadelphia Baptist Association* v. *Hart's Executors, 4 Wheat. 1; 4 L. Ed. 499.* In this country, the general rule is that the state, as *parens patriæ,* is the guardian of charitable trusts, enforcing them by the attorney-general. *People, ex rel. Ellert* v. *Cogswell, 113 Cal. 129; 45 Pac. 270; 35 L. R. A. 268; Dickey* v. *Volker, 321 Mo. 235; 11 S. W. Rep. (2d) 278; 62 A. L. R. 858.* See, also, as to the general powers and duties of the Attorney-General, *Wilentz* v. *Hendrickson, 133 N. J. Eq. 447; affirmed, 135 N. J. Eq. 244.*

The doctrine of *res judicata* is grounded in the universally accepted principle that the party has litigated, or has had an opportunity to litigate, the same subject-matter on the merits

in a prior action in a court of competent jurisdiction, and therefore is on grounds of natural justice precluded from again litigating it to the vexation of his adversary and the unsettlement of established rights. It is a species of estoppel. *In re Walsh's Estate, 80 N. J. Eq. 565.* And it is well settled that, with certain exceptions, the doctrine of *res judicata* is not operative against strangers to the decree, *i. e.,* those who are neither parties to the suit nor in privity with a party thereto. *Ludy* v. *Larsen, 78 N. J. Eq. 237.* Nor does the failure to exercise the right to intervene render the decree binding upon one not a party to the suit. *Western Union Telegraph Co.* v. *Foster, 247 U. S. 105; 38 S. Ct. 438; 62 L. Ed. 1006.*

We are not called upon to determine whether the lot owners and certificate holders were in privity with the cemetery association and therefore represented by it in the proceeding eventuating in the final decree. In the circumstances, they are entitled to be heard on the issues remaining to be decided, and should therefore be admitted as parties.

The orders and the decree under review are reversed, without costs; and the cause is remanded for further proceedings in conformity with this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 13.