**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3486-18T3

YAGNESH PATEL,

    Plaintiff-Appellant,

v.

THE HINDU COMMUNITY
CENTER, THE HINDU COMMUNITY
CENTER BOARD OF TRUSTEES,
VINAYAK RAVAL, NITIN DESAI,
SURESH PATEL, and PARTHIV
RAVAL,

    Defendants-Respondents.

_____

          Submitted June 1, 2020 – Decided July 27, 2020

          Before Judges Sumners and Natali.

          On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-000109-17.

          Dunne Dunne & Cohen LLC, attorneys for appellant (Frederick Richard Dunne, III, of counsel and on the brief; Mena H. Ibrahim, on the brief).

          Dominic V. Caruso, attorney for respondents.

PER CURIAM

In this religious organization dispute, plaintiff Yagnesh Patel filed a four-count complaint against defendants The Hindu Community Center (HCC), the HCC Board of Trustees (the Board), and HCC Board members, Vinayak Raval (HCC's past president), Parthiv Raval (HCC's current president), Nitin Desai (HCC's secretary), and Suresh Patel. Plaintiff alleged defendants violated the HCC bylaws by refusing to make him a member of the HCC and they also: (1) engaged in ultra vires transactions, N.J.S.A. 15A:3-2; (2) unlawfully refused his inspection of organizational records, N.J.S.A. 15A:5-24; (3) breached their fiduciary duty; and (4) were unjustly enriched. Plaintiff further alleged he had the right to inspect the HCC's records and the Board owed him a fiduciary duty because his significant financial and volunteer contributions to the HCC qualified him as a legal representative of the HCC for purposes of the Nonprofit Corporation Act (NCA), N.J.S.A. 15A:1-1 to 15-2.

Plaintiff appeals from the Chancery Division order granting defendants' summary judgment motion dismissal of his complaint and denying his summary judgment motion. Plaintiff also appeals an order denying his motion for reconsideration and his request to add Atul Shah as a plaintiff. We affirm both orders.

A-3486-18T3

## I.

We summarize the following facts from the record, viewing "the facts in the light most favorable to [plaintiff,] the non-moving party." Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (citing R. 4:46-2(c)).

In support of his summary judgment motion, plaintiff certified the HCC is a 501(c)(3) non-profit entity, whose bylaws state the organization's purpose is to "secure the advancement and maintenance of the Hindu religion by providing for religious worship and education." As to membership in the HCC, the bylaws state, "[a]ny person who agrees to abide by and support the purposes of this corporation[] may apply for membership" and all membership "applications . . . shall be approved by the majority vote of the Board of Trustees." The bylaws further provide the Board of Trustees is comprised of "five members who shall be members in good standing for a period of at least two years, be . . . resident[s] of New Jersey, have [a] permanent residence or U.S.A. citizenship, and have no criminal record."

Plaintiff's certification also states he has donated more than $25,000 to the HCC and volunteered hundreds of hours for the HCC's activities over the past twenty years, which qualifies him to be an HCC member. However, his previous applications for HCC membership were denied by defendants. He alleged his

A-3486-18T3

status as a donor, devotee, volunteer, and fundraiser gave him a "vested interest in seeing how the funds [he] donated and help[ed] to generate were used by the HCC's trustees and management[,]" and that he is "a [b]eneficiary of the HCC pursuant [to] its bylaws and therefore" has the "right to challenge the Board's actions in the context of being a beneficiary."

Plaintiff claimed defendants violated the organization's bylaws by not conducting regular meetings and mismanaging the organization's money. Plaintiff points specifically to his $15,000 donation to the HCC in 2004 for the purchase of silver doors depicting Laxmi-Narayan, a Hindu deity, but the funds were used for a different purpose. He argued the HCC's fiscal malfeasance is evident when it turned down his offer of interest-free loans, yet accepted interest-bearing loans from the Board's family members. He also alleged he paid a $101 membership fee which has not been returned. Plaintiff further contended defendants have not provided him access to the HCC's financial records despite his repeated requests.

Atul Shah, a Board member from 2004 to 2010, signed a certification stating he paid his membership fee at the same time as plaintiff, and like plaintiff, his membership was denied without reimbursement of his membership

A-3486-18T3

fee. Shah also stated if the court did not allow him to be added as a plaintiff in the matter, he would file a separate, identical lawsuit.

In a ten-page single-spaced written decision granting defendants' summary judgment application and dismissing plaintiff's complaint, the trial judge concluded "[d]espite [p]laintiff's devotion to the HCC and various financial contributions to the [c]enter over the years, . . . these factors alone do not simply cloak [p]laintiff with membership status and afford him inspection rights under N.J.S.A. 15A:5-24." The judge explained while plaintiff asserted Shah complained of similar misconduct by the Board, "Shah was a board of trustee member, likely . . . entrusted with rights and privileges not granted to ordinary devotees[,]" unlike plaintiff who was not a member. The judge also noted there was no authority which would permit the court to compel defendants to accept plaintiff as a member of the HCC. In addition, citing Passaic Nat'l Bank & Tr. Co. v. E. Ridgelawn Cemetery, 137 N.J. Eq. 603, 608 (E. & A. 1945) the judge explained under the NCA "it is the Attorney General of the State of New Jersey who has the authority to prosecute allegations of fraud or mismanagement by the [b]oard of [t]rustees of a non-profit organization pursuant to his common law supervisory obligations regarding such charities."

The judge finally explained:

> The [c]ourt cannot find any evidence that would suggest [p]laintiff is a "member" of the HCC. . . . Therefore, the [c]ourt cannot find that [p]laintiff has standing to request disclosure of confidential books and financial records, nor can [p]laintiff demonstrate that the HCC owed or breached any fiduciary duty to him as a [d]evotee.
>
> It is also clear at this time that even if the purported wrongdoings by the Board of Trustees are taken as true, [p]laintiff is not the proper vehicle to investigate the wrongdoings based on his clear lack of standing.

Plaintiff filed a timely motion for reconsideration and, in the alternative, sought to add Shah as a plaintiff based upon "new evidence" of Shah's certification to join the suit. The judge denied the motion for reasons set forth in a written decision attached to his order. In denying plaintiff's motion, the judge pointed out the motion advanced the same argument made on summary judgment "cit[ing] the large amounts of time, energy and money afforded to the [HCC] as both a donor and devotee." Because the judge already found plaintiff was not a member in the summary judgment decision, he determined, based upon Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996), there was no basis for reconsideration as plaintiff "failed to point to any 'palpably incorrect or irrational' holding or finding by [him], nor ha[d] [he] failed to consider or appreciate the significance of probative competent evidence." The judge found plaintiff improperly raised an argument not presented in his summary judgment

6

motion: that his 2004 charitable donation should have been returned when his expressed purpose for the gift was not honored. The judge also pointed out plaintiff's complaint did not seek this relief by alleging fraud, and, moreover, the statute of limitations had already expired for the claim.[1]

Lastly, the judge acknowledged while it was within his discretion to permit an amendment of the complaint to add Shah as plaintiff, he declined to do so. The judge reasoned:

> The [c]ourt has previously emphasized that [p]laintiff is entitled to refile his application with . . . Shah as an added party, at which point this [c]ourt is certain that . . . [d]efendants will respond accordingly. However, the [c]ourt is sensitive to the fact that new parties can undoubtedly lead to new claims and legal theories, which subsequently will indisputably lead to the need to defend against those legal theories. . . . Shah was seemingly available to be added to this case during the entirety of its two-year history, yet [p]laintiff[] chose not to add him as a party. The [c]ourt finds that it would be nothing short of prejudicial and inequitable to simply add . . . Shah to the case and proceed immediately to trial without giving [d]efendant[s] the time and resources [they] would ordinarily be afforded to prepare [their] case. Therefore, the [c]ourt will not allow leave to amend the [c]omplaint at this time.

This appeal followed.

---

[1] Under N.J.S.A. 2A:14-1, the statute of limitations for fraud claims is six years. Catena v. Raytheon Co., 447 N.J. Super. 43, 52 (App. Div. 2016).

II.

On appeal, plaintiff asserts three primary arguments in challenging the judge's denial of his summary judgment and grant of summary judgment to defendants. First, he maintains his unreturned membership fee creates a genuine question of material fact that precludes summary judgment to defendants. Alternatively, plaintiff also asserts his membership status is evidenced by his volunteer work, donations, and demonstrated devotion to HCC. He maintains he was given considerable responsibility to organize and run the administration of the HCC's facilities and events and helped raise more than $123,000 for the organization since 2010.

Second, plaintiff argues even if he is not a member, his service as a donor, devotee, volunteer, and fundraiser gives him "standing to challenge and/or question the use of funds donated based the representations made in order to solicit the funds, his ongoing relationship with the HCC and the fact that he paid for his membership and has not had the funds returned." Plaintiff further contends "the trust he has placed in the HCC, evidenced by the donations over such a length of time, created a relationship allowing [him] to challenge the use of the donated funds," and as a result defendants owe him a fiduciary duty.

A-3486-18T3

Third, relying on <u>Adler v. Save</u>, 432 N.J. Super. 101, 104 (App. Div. 2013), plaintiff reiterates his reconsideration motion argument that because his donation for a specific purpose was not used for that purpose, he has standing to challenge the Board's conduct.

Appellate review of a ruling on a motion for summary judgment is de novo, applying the same standard governing the trial court. <u>Davis v. Brickman Landscaping, Ltd.</u>, 219 N.J. 395, 405 (2014). Thus, we consider, as the motion judge did, "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." <u>Id.</u> at 406 (quoting <u>Brill v. Guardian Life Ins. Co. of Am.</u>, 142 N.J. 520, 540, (1995)). "If there is no genuine issue of material fact," an appellate court must then "decide whether the trial court correctly interpreted the law." <u>DepoLink Court Reporting & Litig. Support Servs. v. Rochman</u>, 430 N.J. Super. 325, 333 (App. Div. 2013) (citation omitted). We accord no deference to the trial judge's legal conclusions. <u>Nicholas v. Mynster</u>, 213 N.J. 463, 478 (2013) (citing <u>Zabilowicz v. Kelsey</u>, 200 N.J. 507, 512-13 (2009)). We review the judge's ruling on the discovery motion for abuse of discretion. <u>State v. Enright</u>, 416 N.J. Super. 391, 404 (App. Div. 2010).

Our review of a motion for reconsideration is more deferential. "[T]he decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (citing Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008)). Reconsideration should only be used for those cases which fall into that narrow corridor in which either: "'1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.'" Ibid. (alterations in original) (citing Asterbadi, 398 N.J. Super. at 310).

With these principles in mind, we conclude the trial judge's grant of summary judgment to defendants and denial of summary judgment to plaintiff was appropriate.

The NCA provides the ability to contest a corporate action and inspection rights for members of organizations incorporated under it. While the NCA's definition of the term "member" is not conclusive, our jurisprudence gives authority to individual organizations to govern membership. N.J.S.A. 15A:3-2 provides:

> No act of a corporation . . . shall be invalid because the corporation was without capacity or power to do that act . . . , but the lack of capacity or power may be asserted:
>
> a. In a proceeding by a member or trustee against the corporation to enjoin the doing of any act . . . .

Further, N.J.S.A. 15A:5-24(b) and (d) provide in pertinent part:

> b. Upon the written request of any member, the corporation shall mail to that member its balance sheet as at the end of the preceding fiscal year, and its statement of income and expenses for that fiscal year.
>
> . . . .
>
> d. This section shall not impair the right of any court, upon proof of a member of proper purpose, irrespective of the period of time during which the member shall have been a member of record, and irrespective of the total number of memberships held by that person, to compel the production for examination by the member of the books and records of account, minutes and record of members of a corporation.

The NCA defines "[m]ember" as "a participant in a corporation having such rights or obligations therein as provided in this act." N.J.S.A. 15A:1-2(h).

In Leeds v. Harrison, 9 N.J. 202 (1952), our Supreme Court discussed the legal effect of a religious non-profit's bylaws. In finding judicial intervention of an organization's bylaws was generally only justifiable "where the

complaining parties have suffered an invasion of their civil rights, of person or of property[,]" the Court explained:

> Corporate powers have their origin in a sovereign grant. Generally, they are derived from the articles of incorporation and the laws of the state under which the corporate body came into being. A corporation has those powers which are implicit in the charter as well as those which are expressed. Authority not reasonably within the corporate grant is excluded. But whatever may be fairly deemed an incident of the power expressly conferred by the charter is within the grant unless expressly prohibited. The instrument is to receive a reasonable construction to serve the general end in view.
>
> [Id. at 211-12, 215 (citations omitted).]

The Leeds Court further expounded on religious and quasi-religious societies, holding such organizations "may adopt a constitution and laws for the regulation of their affairs, if conformable and subordinate to the charter and not repugnant to the law of the land; and they are binding upon the membership until modified or repealed in due course." Id. at 217.

Here, in order to become an HCC member, the HCC's bylaws stipulate a person's membership application must be approved by the Board. Plaintiff's application was not approved, and he instead relies on his status as a donor and volunteer to give him the status of a member. However, plaintiff advances no legal argument to support his claims and does not point to any law which the

12

HCC has violated in denying him membership. Therefore, his challenge of the Board's actions under the NCA and his claim the Board improperly denied him inspection rights of HCC's records were properly dismissed.

Plaintiff's assertion the HCC Board breached a fiduciary duty owed to a non-member plaintiff by not conducting regular meetings, not adhering to HCC bylaws, and by turning down his offer of interest-free loans is without merit. Plaintiff's reliance on F.G. v. MacDonell, 150 N.J. 550 (1997), is misplaced as the facts there are inapposite to his situation with the HCC. In F.G., the plaintiff parishioner filed a claim for breach of fiduciary duty against a defendant clergyman because the plaintiff sought counseling from the defendant, who in turn pursued and induced the plaintiff into a sexual relationship with him. Id. at 556. In finding that a clergyman could owe a fiduciary duty to a parishioner, our Supreme Court ruled "[e]stablishing a fiduciary duty essentially requires proof that a parishioner trusted and sought counseling from the pastor. A violation of that trust constitutes a breach of the duty." Id. at 565. Plaintiff does not allege he sought to establish a fiduciary relationship with defendants or an HCC member that was breached. Plaintiff's financial donations or voluntary contributions to the HCC are distinctly different from the fiduciary duty the plaintiff in F.G. established in seeking counseling from the pastor.

There is no factual or legal support for plaintiff's unjust enrichment claim. To establish a prima facie case for unjust enrichment he "'must show both that defendant[s] received a benefit and that retention of that benefit without payment would be unjust' and that [he] 'expected remuneration' and the failure to give remuneration unjustly enriched . . . defendant[s]." EnviroFinance Grp., LLC v. Envtl. Barrier Co., LLC, 440 N.J. Super. 325, 350 (App. Div. 2015) (citing VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1994)).

Plaintiff claims defendant Board members were unjustly enriched when they retained interest payments on loans to the HCC, which were made by their family members. If the Board would have accepted his loan offers to the HCC with no interest, plaintiff contends the Board members would not be enriched. Considering plaintiff has not shown he expected remuneration for his no interest loan offer to the HCC, he cannot make a prima facie claim of unjust enrichment and dismissal on summary judgment of the claim was proper.

Likewise, there is no merit to plaintiff's claim defendants owed him a fiduciary duty as a donor. First, we note because plaintiff only raised such a claim in his motion for reconsideration, the judge was correct in holding it was not properly before the court. See Medina v. Pitta, 442 N.J. Super. 1, 18 (App. Div. 2015) (citing Cummings, 295 N.J. Super. at 384) ("Filing a motion for

14

reconsideration does not provide the litigant with an opportunity to raise new legal issues that were not presented to the court in the underlying motion.").

Plaintiff's fiduciary duty claims are also substantively without merit. He cites to three cases arguing the Board is required to respond to his information request and allow for his review of financial records because it owes him a fiduciary duty as a donor, Adler, 432 N.J. Super. at 104 (holding "a charity that solicits and accepts a gift from a donor, knowing that the donor's expressed purpose for making the gift was to fund a particular aspect of the charity's eleemosynary mission, is bound to return the gift when the charity unilaterally decides not to honor the donor's originally expressed purpose"), Ludlam v. Higbee, 11 N.J. Eq. 342, 348 (N.J. Ch. 1857) (holding that donors who conveyed property in charitable trust to be used by "all denominations of Christians" could seek redress from the court to have the "property restored to its original purpose and trusts" when some denominations of Christians were subsequently excluded from the premises), and Kelly v. McIntire, 123 N.J. Eq. 351 (N.J. Ch. 1938) (proscribing a portion of a church congregation from unilaterally withdrawing from its national affiliation and joining a new affiliation when its church property was acquired and held for religious uses according to the tenets of its original denomination).

While <u>Adler</u> and <u>Ludlam</u> offer relief to donors of charitable and religious organizations, the type of relief granted is different than that sought here by plaintiff. Plaintiff seeks to conduct oversight of the Board and the HCC, which was not the plaintiffs' gravamen in those two cases. Nowhere in his underlying complaint does he demand the return of his donation as the plaintiffs demanded in those two cases. Neither of those two cases nor <u>Kelly</u> imposes a fiduciary duty to donors to non-profit organizations on the singular basis of their gift giving. In fact, plaintiff cites no law to support his claim that defendants owe him a fiduciary duty or were unjustly enriched due to his magnanimous donation of money, time and service.

## III.

Finally, as to the denial of his reconsideration motion we conclude the judge did not err, noting his appellate argument is limited solely to the judge's decision rejecting his request to amend the complaint to add Shah as a plaintiff.[2]

Citing <u>Notte v. Merchs. Mut. Ins. Co.</u>, 185 N.J. 490, 500-01 (2006), <u>Kernan v. One Washington Park Urban Renewal Assocs.</u>, 154 N.J. 437, 457

---

[2] We consider all other arguments raised before the trial judge and not briefed waived. <u>See</u> <u>Sklodowsky v. Lushis</u>, 417 N.J. Super. 648, 657 (App. Div. 2011)("An issue not briefed on appeal is deemed waived."); Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 5 on <u>R.</u> 2:6-2 (2020).

A-3486-18T3

(1998), and Fisher v. Yates, 270 N.J. Super. 458 (App. Div. 1994), plaintiff contends motions for leave to amend pleadings are left to the sound discretion of the court in light of the factual situation existing at the time each motion is made, particularly where the motion is to add new parties or claims on the eve of trial. Plaintiff argues in Notte, 185 N.J. at 501, the Court held the exercise of discretion requires a trial judge to consider "a two-step process: whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Under the second prong, plaintiff argues to determine "futility" the judge should not consider the ultimate merits of the claim as "those determinations must be made 'in light of the factual situation existing at the time each motion is made.'" Ibid. (quoting Kernan, 154 N.J. at 457). He asserts leave to amend should be liberally granted "even if the ultimate merits of the amendment are uncertain." G&W, Inc. v. Borough of E. Rutherford, 280 N.J. Super. 507, 516 (App. Div. 1995).

Specifically, plaintiff argues adding Shah as a plaintiff, or having Shah replace him in the complaint, would correct any perceived deficiency and allow this matter to quickly proceed to trial. Plaintiff argues there is no question a claim exists. He argues because litigation has been ongoing for two years and the only other alternative "is starting all over," for defendants to contend this

A-3486-18T3

would prejudice them is "laughable." Plaintiff asserts the real prejudice and harm to all parties, is starting litigation anew. He points out Shah has already been deposed and submitted a certification, and the parties will spend unnecessary legal fees if the case isn't allowed to proceed to trial with Shah as plaintiff.

Under our standard of review, we conclude the judge did not err in denying defendant's motion for reconsideration to permit plaintiff to amend his complaint to add Shah as plaintiff. We first note neither plaintiff nor Shah complied with Rule 4:9-1, by including a copy of the proposed pleading with a motion to amend. Plaintiff's counsel's reconsideration motion argument that Shah "has the same grievances and would essentially be filing the same case," which echoed Shah's certification submitted with the motion that he would "file essentially an identical complaint against the same [d]efendants," does not comply with Rule 4:9-1.

Putting aside this procedural deficiency, we do not agree with plaintiff the judge abused his discretion in concluding adding Shah in the midst of this two-year litigation would be prejudicial to defendants who would then be compelled to reconsider their defense strategy and restart discovery related to Shah's

18

claims. Hence, Shah should be left to fulfill his assertion that he will file his own complaint.

To the extent we have not addressed any of plaintiff's arguments it is because we conclude they lack sufficient merit to warrant discussion in written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION